## SERRANO, DEMANDANTE Y APELANTE, *v.* OLIVERO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre filiación.

No. 2574.—Resuelto en julio 24, 1922.

FILIACIÓN—RECONOCIMIENTO—INSUFICIENCIA DE LA PRUEBA.—La simple manifestación hecha en el juicio por la madre natural y el tío del demandante de haberle pasado el supuesto padre dos o tres pesos mensuales para el sostenimiento del hijo sin qué exista en los autos nada que demuestre que el demandado ha tenido públicamente por su hijo al demandante, no es una prueba robusta y convincente de haber reconocido el padre como hijo natural suyo al demandante.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. H. Rodríguez.*

Abogado del apelado: *Sr. F. C. Más.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se trata de una acción de filiación que la corte inferior declaró sin lugar.

En la demanda alegó Enrique Serrano, conocido por Olivero, que allá por los años 1890 el demandado, Ignacio Olivero, entabló relaciones amorosas con Lorenza Serrano, que luego resultó llamarse también Dolores, siendo ambos solteros y sin impedimento para contraer matrimonio, de las cuales nació el demandante el cuatro de mayo de 1897 y que a pesar de haber realizado el demandado actos que demuestran su paternidad se niega a reconocerlo.

El demandado contrajo matrimonio con otra mujer el 30 de diciembre de 1897 y la prueba respecto a la fecha del nacimiento del demandante ha sido muy variada y contradictoria pues mientras según la certificación de la parroquia fué bautizado el 3 de abril de 1898 habiendo nacido el 4 de mayo del mismo año, o sea, después de bautizado, de la inscripción de nacimiento hecha en el registro civil por declaración de la madre resulta que nació el 15 de diciembre de 1898; y de-

clarando ésta en el juicio dijo que antes de tener relaciones con el demandado las tuvo con un primo de éste de quien dió a luz dos hijos naciendo el primero en 1897, el segundo en 1898 y el demandante en 1897, o sea, cuando estaba teniendo hijos con el otro hombre, pero luego rectificó y dijo que el primer hijo nació en 1895, el segundo en 1896 y el demandante en 1897 y que el asiento de inscripción hecho en el registro civil por declaración de ella está equivocado pues en lugar de ser como aparece el 15 de diciembre de 1898 nació en 15 de diciembre de 1897.

En vista de esa prueba la corte inferior llegó a la conclusión de que el demandante nació como dice la inscripción del registro civil el 15 de diciembre de 1898 y que por tanto fué concebido cuando el demandado había casado un año antes. Pero sostiene el apelante que la fecha que debió tomarse es la del bautizo, el 3 de abril de 1898, y que de acuerdo con ella el demandante fué concebido antes de contraer matrimonio el demandado. ·

Quizá podamos aceptar esa fecha como la del nacimiento del demandante pero aún así siempre resulta que hay carencia de prueba de actos de reconocimiento del demandado como padre del demandante.

Hemos dicho en varias ocasiones que la prueba de filiación debe ser robusta y convincente y en este caso no reune estas condiciones la que se presentó en el juicio pues la comadrona que asistió al parto no fué buscada y pagada por el demandado sino por un hermano de la madre del demandante si bien éste dice que fué por orden y cuenta del demandado. La madre declaró que el demandado le daba dos o tres pesos mensuales para atender al demandante pero fuera de estas manifestaciones de la madre y tío del demandante nada encontramos en los autos que demuestre que el demandado ha tenido públicamente por su hijo al demandante. El admite que hace poco tiempo pagó un pasaje del demandante a los Estados Unidos pero manifestó que no fué porque lo

tuviera como hijo sino en atención y consideración a que la madre Dolores Serrano fué la que asistió a la madre del demandado en su última enfermedad y también a que el demandado y otro hermano suyo fueron los padrinos de los dos hijos que un primo suyo tuvo con Dolores y que dicho pasaje lo pagaron entre ambos. Nada más existe de prueba sobre el reconocimiento por lo que llegamos a la conclusión de que fué insuficiente para declarar que el demandado lo ha reconocido por hijo suyo natural y que la corte no erró al estimar insuficiente dicha prueba.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Hutchison.

Los Jueces Asociados Sres. Wolf y Franco Soto no tomaron parte en la resolución de este caso.