Rosa Blanca Martínez, representada por su madre Isabel Martínez, demandante y apelada, *v.* Juan Asencio Segarra et al., demandados y apelantes.

No. 3810.—*Visto:* Marzo 8, 1926.   *Resuelto:* Mayo 28, 1926.

1. Apelación y Error—Alegatos—Omisión de Radicarlos Dentro del Término —Excusas para Justificar la Falta.—Cuando el *affidavit* para justificar la falta en radicar el alegato dentro de una prórroga concedida no explica por qué no se solicitó nueva prórroga antes de vencer el término ya conce-

dido ni por qué no se radicó hasta después de presentada la moción de desestimación, puede desestimarse la apelación interpuesta.

2. Testigos—Competencia.—Relaciones Confidenciales y Comunicaciones Privilegiadas—Manifestaciones Hechas a un Abogado—Relación Entre el Abogado y el que las Hizo—En General.—Manifestaciones hechas a un abogado en procedimiento en que éste actuó a nombre de persona distinta que quien las hizo, y en cuyo procedimiento ésta ni consultó ni solicitó los consejos de dicho abogado, no tienen el carácter de comunicaciones privilegiadas entre abogado y cliente.

3. Apelación y Error—Desestimación, Retiro y Abandono—Apelación Frívola—Improbabilidad de Revocación Sobre los Méritos.—Cuando examinados los errores alegados en un alegato presentado fuera de tiempo y después de haberse radicado una moción sobre desestimación no hay una probabilidad razonable para una revocación sobre los méritos, procede desestimar, a instancia de parte, la apelación interpuesta.

Moción sobre desestimación de apelación presentada por la apelada. *Con lugar.*

*Alemañy & Ramírez* y *Nazario & García Méndez,* abogados de los apelantes; *Ricardo del Toro Soler* y *José Sabater,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Una moción para desestimar la presente apelación fué denegada en diciembre 16, 1925, por las razones expresadas en la opinión del tribunal emitida por el Juez Asociado Señor Aldrey.

En febrero 23, 1926, fué presentada una segunda moción por las razones, primera, que no se había archivado ningún alegato por parte de los apelantes dentro del término prescrito por el Reglamento de este tribunal ni dentro de la prórroga concedida por esta corte, prórroga que venció en febrero 17, 1926, y segunda, que la apelación misma era enteramente frívola y ha sido establecida solamente con el fin de demorar y obstaculizar la justicia.

[1] El alegato de los apelantes fué radicado en febrero 24. Un *affidavit* hecho por uno de los abogados de los apelantes puede o nó justificar la falta en radicar el alegato dentro de la prórroga concedida. No explica por qué no se solicitó una nueva prórroga antes de vencer el término ya concedido, ni por qué no se radicó el alegato hasta después de presentada la moción de desestimación.

Los señalamientos de error son los siguientes:

"Primero.—Erró la corte inferior al admitir en evidencia la fotografía de Juan Asencio Padilla, presentada por la parte demandante; al admitir en evidencia la declaración del testigo Lcdo. Pedro Nelson Colberg y al admitir en evidencia la declaración de Isabel Martínez, estando impedida por sus propias manifestaciones anteriores.

"Segundo.—Erró la corte inferior al estimar probado el concubinato de Isabel Martínez y Juan Asencio Padilla al tiempo de la concepción y nacimiento de Rosa Blanca Martínez.

"Tercero.—Erró la corte al estimar probado que la demandante naciera el día 29 de octubre de 1916 como se alega en la demanda.

"Cuarto.—Erró la corte al estimar probado que la demandante ha gozado desde que nació y goza en la actualidad, del estado continuo de hija natural de Juan Asencio Padilla.

"Quinto.—Erró la corte al no estimar probado que la demandante ha gozado y goza en la actualidad del estado continuo de hija de José María Ferrer; justificado dicho estado por actos directos de su dicho padre José María Ferrer."

[2, 3] Del alegado error envuelto en la admisión de la fotografía, los apelantes se conforman con decir que dicha fotografía no tenía dedicatoria, ni se acompañó en un sobre para acreditar que había sido recibida por correo, y que sería fácil para cualquiera obtener una fotografía de una galería, o de un amigo, o en alguna otra forma.

A falta de citas de autoridades, o siquiera de una referencia a alguna página o parte de los autos, tal contención no exige seria consideración.

La teoría sobre las objeciones hechas a la admisión de la declaración de Pedro Nelson Colberg, era que en dicha declaración están envueltas comunicaciones privilegiadas.

Colberg, como notario público, redactó una escritura en la que Padilla traspasaba a Antonio Sosa una casa ocupada por Isabel Martínez. Posteriormente, como abogado de Sosa, Colberg estableció demanda de desahucio para lanzar al arrendatario. Interpuesta objeción a la admisión de las manifestaciones hechas por Sosa en una conversación

con Padilla, esta prueba no fué admitida. El testigo entonces declaró que Padilla vino a su oficina y lo autorizó a ofrecer a Isabel Martínez $25 para que dejara la finca. Este ofrecimiento lo hizo el testigo y fué rehusado por la arrendataria, manifestando que prefería ser lanzada por el márshal. Subsiguientemente Padilla autorizó a Colberg a ofrecer la suma de cincuenta dólares, cantidad que fué depositada por el testigo con el juez municipal que luego la entregó a la arrendataria recalcitrante exigiéndole un recibo. Al entregar a Colberg los cincuenta dólares, Padilla por vía de explicación, dijo que la niña Rosa Blanca era su hija. Él no solicitaba consejos legales de Colberg ni le consultó sobre uno u otro de los ofrecimientos referidos. Colberg entendió que actuaba en todo el procedimiento como abogado de Sosa y no de Padilla. En esto parece haber tenido razón. Él no cobró nada por los servicios prestados como mediador al efectuar el traspaso del dinero como medio de un lanzamiento amistoso de la arrendataria. En tanto dichos servicios no se prestaron a nombre de su cliente Sosa, Colberg los consideraba como un mero favor personal a Padilla. El testigo también había preparado ciertos contratos para Padilla hacía unos ocho o diez meses anteriores a los sucesos a que se acaba de hacer referencia, pero él no fué empleado por Padilla en el procedimiento de desahucio, ni Padilla estaba relacionado en ninguna forma con dicho procedimiento excepto en lo que se acaba de referir.

Formulada objeción a una pregunta relativa a una consulta posterior hecha por Padilla con relación a un pretendido reconocimiento de la niña, fué prontamente declarada con lugar.

La teoría del tercer párrafo de la primera especificación contenida en el señalamiento como fué repetida en el curso del informe oral es que Isabel Martínez estaba impedida por su manifestación consignada en el Registro Civil al efecto de que Rosa Blanca nació en el año 1919. Y que no se debió haber permitido declarar a Isabel Martínez acerca

de una fecha anterior como tal testigo.   Aquí también no se hace ninguna referencia a la página de la transcripción donde ha de hallarse tal declaración.

Sobre este punto los apelantes se conforman con alegar que el presente caso se distingue del de *Camacho* v. *Balas- quide,* 19 D.P.R. 590 en que en éste Isabel Martínez negó haber inscrito el nacimiento de la niña en el Registro Civil.

Los apelantes alegan entonces que el presente caso es idéntico al de *Serrano* v. *Olivero,* 31 D.P.R. 83.

La conclusión parece ser que la sentencia de la corte inferior debe ser revocada toda vez que Isabel Martínez también declaró que había dado a luz otros hijos como resultado de sus relaciones ilícitas con otro hombre.

La relación de tal razonamiento con la cuestión de impedimento (*estoppel*), como fundamento de objeción a la admisión del testimonio, si éste fué en realidad objetado por tal motivo, en manera alguna es evidente por sí misma.

Hemos examinado la prueba a la luz del razonamiento aducido para sostener las demás cuestiones levantadas en el señalamiento y no encontramos probabilidad razonable para una revocación sobre los méritos.

*Debe declararse con lugar la moción de la apelada y desestimarse la apelación.*