Medina, Demandante y Apelante, *v.* Sucesión de Bird et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre filiación.

No. 2327.—Resuelto en marzo 7, 1922.

Filiación—Concubinato.—El concubinato a que se refiere el inciso 3 del artículo 189 del Código Civil tal como regía en 1903 es la condición de vivir juntos como marido y mujer sin estar casados, el supuesto padre y la madre de la persona que reclama el reconocimiento.   No es suficiente que un hombre coloque a una mujer en una casa y frecuentemente la visite, especialmente si él tiene un hogar propio independiente como la prueba tiende a mostrar en este caso.

Id.—Relaciones Amorosas de la Madre con el Supuesto Padre Natural.—En una demanda entablada al amparo del artículo 189 del Código Civil tal como regía en 1903 en la cual se alega que el supuesto hijo natural es el fruto de las relaciones amorosas que sostuvo la demandante con el demandado, es necesario probar que éstos, al tiempo de la concepción, tenían la intención de casarse o estaban comprometidos para ello.

Filiación—Reconocimiento en Escrito Indubitado—Reconocimiento de la Pa-

TERNIDAD.—El encargo hecho en testamento para que el encargado vele por el cuidado de un niño, no es por sí el reconocimiento de la paternidad a que se refiere el inciso 1 del artículo 189 del Código Civil tal como regía en 1903; y aun considerada esta disposición testamentaria en relación con otras circunstancias, no es bastante para que el caso quede comprendido en el inciso 2 del artículo 189 antes citado.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. Soto Rivera.*

Abogado de los apelados: *Sr. M. Benítez Flores.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

María Medina, en representación de su menor hijo Agustín Medina, presentó una demanda de filiación contra la Sucesión de Jesús Bird y Arias y otros. Dictada sentencia a favor de los demandados, es la demandante quien comparece como apelante en esta corte y alega la comisión de varios errores. En los dos primeros señalamientos se alega que la corte inferior cometió error al no considerar como confesados ciertos párrafos de la demanda toda vez que no fueron debidamente negados en la contestación. La apelante puede o no tener razón en cuanto a estos señalamientos de error pero no estamos satisfechos con la argumentación de los mismos y como la apelante aún estaría en la necesidad de tener que probar las alegaciones de los párrafos cuarto y sexto de la demanda sólo consideraremos el punto de si las alegaciones de estos párrafos fueron suficientemente probadas. Los párrafos cuarto, quinto y sexto de la demanda son como sigue:

"IV. Que Agustín Medina ha sido el fruto de las relaciones amorosas que la demandante sostuvo con don Jesús Bird y Arias, con quien vivió en concubinato y bajo el mismo techo por algunos años.

"V. Que la demandante y Jesús Bird Arias, al tiempo de la concepción y del nacimiento de Agustín Medina, se hallaban en aptitud legal, y sin impedimento alguno, para contraer matrimonio, por ser ambos solteros.

"VI. Que las relaciones amorosas de la demandante con Jesús Bird Arias fueron continuas y públicas, teniendo por hijo suyo el Sr. Bird Arias a Agustín Medina, llamándolo así no sólo en el te-

rreno familiar sino públicamente, habiendo estado dicho menor en la posesión continua del estado y derecho de hijo natural de su padre Jesús Bird Arias, mediante actos directos del padre, tales como suministrarle alimentos, vivir con él en el mismo hogar, comprarle casas y dejarle en fideicomiso una cantidad de dinero en su testamento.''

Escriche define las palabras ''concubina,'' ''concubinario'' y ''concubinato,'' así:

''Concubina. La manceba, o la mujer que vive y cohabita con algún hombre como si fuera su marido, siendo ambos solteros y pudiendo contraer entre sí legítimo matrimonio; bien que en sentido más lato y general se llama también concubina cualquier mujer que hace vida maridable con un hombre que no es su marido, cualquiera que sea el estado de ambos.''

''Concubinario. El que hace vida maridable con una mujer sin estar casado con ella.''

''Concubinato. La comunicación o trato de un hombre con su concubina.''

Al tratar sobre la ''concubina,'' dice también Escriche lo que sigue:

''La concubina, entre los romanos, casi no se diferenciaba de la mujer legítima sino en el nombre y en la dignidad, de modo que por eso se llamaba mujer menos legítima; y así como por el derecho romano no era lícito tener a un tiempo muchas mujeres, tampoco se permitía tener juntamente muchas concubinas.''

Por las leyes de partida, todo el que no fuese casado u ordenado podía haber barragana, amiga o manceba, con tal que fuere una sóla y la tuviere en su casa: Leyes 2, título 14; 1, 12 Corpus Juris 392.

La corte inferior declaró probado que no hubo prueba de concubinato y con esta declaración de la corte estamos en completo acuerdo. Hubo cierta prueba, principalmente de la propia demandante, de haber tenido ella relaciones carnales con Jesús Bird Arias a la fecha de la concepción del niño Agustín Medina, pero no hubo prueba satisfactoria de que este hombre y esta mujer vivían juntos en forma marital

alguna, o como marido y mujer.   El concubinato a que alude el Código Civil se refiere a la condición de vivir juntos lo mismo que marido y mujer sin estar realmente casados.   No es suficiente que un hombre coloque a una mujer en una casa y frecuentemente la visite, especialmente si él tiene un hogar propio independiente como la prueba tiende a mostrar.

Pero la demanda también habla de las contínuas "relaciones amorosas."   Este niño, Agustín Medina, nació en mayo de 1903, cuando se encontraba en vigor la ley que a continuación citamos:

"Art. 189.—El padre está obligado a reconocer al hijo ilegítimo en los casos siguientes:

"1. Cuando exista escrito suyo indubitado en que expresamente reconozca su paternidad.

"2. Cuando pública o privadamente le tenga por hijo suyo o le haya llamado tal en conversación o se ocupe de su educación y sostenimiento.

"3. Cuando la madre fué conocida viviendo en concubinato con el padre al tiempo del embarazo o nacimiento del hijo, o cuando éste haya nacido llevando sus padres relaciones amorosas."

El texto español emplea las palabras "relaciones amorosas."   Tal vez éstas en su sentido más amplio podrían incluir meras relaciones sexuales, pero en la sociedad en general se considera que estas palabras significan una relación entre amantes, con el compromiso más o menos de casarse. El "llevar relaciones amorosas" generalmente no envuelve en sí ningún significado malo.   El significado que quiso expresar la Legislatura queda completamente claro por el texto inglés donde se traducen las palabras "relaciones amorosas" por *engaged to be married*.   No hay duda, pues, en cuanto a la intención de la Legislatura, y no hubo prueba de que Jesús Bird Arias y María Medina jamás tuvieron la intención de casarse o estaban comprometidos para casarse.

Con respecto a las otras insinuaciones contenidas en los párrafos 4 y 6 de la demanda, es bastante con decir que no

hubo prueba suficiente de los hechos que en ellos se especifican. Existieron tal vez actos aislados por parte de Jesús Bird Arias. El pudo haber tenido cierto interés en este niño. Pero la corte inferior no declaró ni podemos nosotros declarar en vista de la prueba, que él jamás hubiera reconocido pública o privadamente a este niño. La prueba en este particular es demasiado vaga y como hemos dicho en varios casos, la prueba de filiación debe ser robusta. Véase el de Somohano y otros.

Hubo cierta prueba de referencia de que Jesús Bird Arias otorgó un testamento en el cual dispuso que alguna otra persona debía velar por el cuidado de este niño, pero el testamento no fué incluído en los autos ante nos, y al parecer no se presentó como prueba, ni la petición de que alguien debía cuidar de un niño sería por sí un reconocimiento suficiente que equivalga al reconocimiento por testamento para que quede comprendido dentro del párrafo primero del artículo 189, y esta referencia al testamento aún considerada en relación con otras circunstancias, no es bastante para que el caso quede comprendido dentro de las prescripciones del párrafo 2 del artículo 189. Tal vez si la corte inferior hubiera dictado sentencia a favor de la demandante, posiblemente hubiéramos podido pensar que la prueba era suficiente, pero en vista de la pronta declaración del juez, como revela su opinión, nos sentimos obligados a confirmar la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro, y Asociado Aldrey.

El Juez Asociado Sr. Hutchison firmó: ''Conforme con la sentencia.''