Isabel, Prudencio y José Bernier, demandantes y apelados,
v. Sucesión de Víctor Honoré y Garau, compuesta de sus
hijos legítimos Sabás, Trinidad y Alejandro Honoré, de-
mandada y apelante.

No. 4522. *Sometido:* Diciembre 19, 1928. *Resuelto:* Febrero 20, 1929.

A. *Arnaldo Sevilla,* abogado de la apelante; *José Sabater,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En este caso, Isabel, Prudencio y José Bernier presentaron ante la Corte de Distrito de Mayagüez una demanda contra la Sucesión de Víctor Honoré Garau, compuesta por sus hijos legítimos Sabás, Trinidad y Alejandrina Honoré, solicitando ser declarados hijos naturales reconocidos de Víctor Honoré y Garau, con los derechos que a tales hijos confiere el Código Civil. Alegaron ellos que desde 1909 Víctor Honoré y Garau y María Bernier, viudo el primero y soltera la segunda, sin impedimento para casarse, tenían relaciones amorosas, viviendo en público concubinato hasta la muerte de la Bernier y habiendo procreado, como fruto de esas relaciones, a Isabel, nacida en 5 de diciembre de 1906, a Prudencio que nació en abril de 1908, y a José, que nació en mayo de 1910; que Víctor Honoré, pública y privadamente tuvo a los demandantes por hijos suyos, se ocupó de su educación y alimentos, y les llamaba sus hijos; que Víctor Honoré murió sin hacer reconocimiento formal y solemne de la condición de hijos naturales en los demandantes.

La sucesión demandada, en contestación negó las alegaciones de la demanda.

Fué el caso a juicio. Las partes presentaron su prueba. Y la corte dictó sentencia declarando con lugar la demanda. A la sentencia se une opinión que copiada es así:

"El día 6 de octubre de 1927 se llamó este caso para juicio para cuya fecha fué debidamente señalado en el Calendario de Asuntos Civiles de esta Corte. Comparecieron las partes: los demandantes representados por su abogado Ledo. José Sabater, y los demandados por el suyo, Ledo. Alfredo Arnaldo, y anunciaron estar listos para juicio, procediéndose a su celebración. La Corte, después de oír las alegaciones, las pruebas practicadas y sometido el caso por medio de alegatos escritos que presentaron los abogados de las partes, reservó su resolución hasta hoy en que encuentra y resuelve que se han probado los siguientes hechos: Primero: Que los demandantes Isabel, Prudencio y José Bernier, nacieron en esta ciudad de Mayagüez el 5 de diciembre de 1906, el 28 de abril de 1908 y el 15 de mayo de 1910, respectivamente. Segundo: Que al tiempo de la concepción y nacimiento de los demandantes, Víctor Honoré y Garau era viudo y María Bernier era soltera, no tenían impedimento legal alguno para contraer matrimonio entre sí y se hallaron siempre en aptitud legal para contraerlo sin dispensa de ninguna clase. Tercero: Que Víctor Honoré y Garau falleció en esta ciudad el 16 de enero de 1926 con testamento que otorgó por escritura ante el Ledo. Angel A. Vázquez en esta ciudad en 16 de junio de 1918, en el cual instituyó por sus únicos y universales herederos a sus legítimos hijos los demandados. Cuarto: Que Víctor Honoré y Garau tuvo por hijos suyos a los demandantes desde su concepción y nacimiento hasta su muerte; les llamó como tales en sus conversaciones, y se ocupó constantemente de su educación, especialmente en cuanto a los dos hijos más jóvenes, Prudencio y José, haciendo gestiones personales en la escuela pública, con los profesores de sus hijos, atendiendo a su progreso y adelanto escolar y poniéndoles a aprender el oficio de barbero; realizando esas gestiones personales como padre de ellos; pagó los gastos del parto de sus dichos tres hijos, y medicinas para ellos cuando se encontraban enfermos y los gastos de médico y dentista y proveía para su sustento, casa y vestidos y les visitaba asiduamente en la casa donde vivían con su madre María Bernier, no eximiéndose de reconocerles como hijos suyos pública y privadamente y de una

manera constante. Por virtud de tales hechos probados, la Corte llega a la conclusión de que los demandantes tienen derecho a ser reconocidos como hijos naturales de Víctor Honoré y Garau, de acuerdo con el art. 189 del Código Civil vigente a la fecha del nacimiento de los demandantes, y por tanto, declara con lugar la demanda de este caso en todas sus partes y ordena que se registre una sentencia de conformidad con la ley y esta opinión, con las costas a los demandados.''

Contra la sentencia se ha interpuesto apelación por la parte demandada, que señala tres errores:

El primer señalamiento es:

''La Corte ha cometido error en la sentencia apelada al estimar probado que Víctor Honoré y Garau tuvo por hijos suyos a Isabel, Prudencio y José Bernier, les llamó tales en conversación y se ocupó de la educación y sostenimiento de ellos.''

Hemos visto con todo cuidado la prueba en el caso. Y declaramos que la conclusión a que llegó la corte, en este particular, es correcta. Los testigos presentados por los demandantes, los profesores Rafael Osorio, Sr. Colón, Sr. Barreto, el Doctor Pedro Monagas, Carola Castro, Petra Gonce, Valerio Martínez, Juan Raldiris, etc., confirman la alegación de que Víctor Honoré y Garau, tenía a estos demandantes como sus hijos, así los llamaba y se ocupaba de su alimentación y de su educación como hijos. No es prueba en contra de tales testimonios la presentada por los demandados, en la que la mayoría de los testigos se limita a decir que Honoré nunca les dijo que tuviese hijos naturales, y algunos que nunca se lo preguntaron.

La prueba tuvo que fijar en el ánimo del juez la convicción que se exterioriza en la opinión.

No encontramos que exista el primer error señalado.

El segundo señalamiento es así:

''Víctor Honoré y Garau y María Bernier no vivieron en concubinato.''

En el caso *Medina* v. *Sucesión Bird,* 30 D.P.R. 158, se

fijó el concepto del concubinato, haciendo relación a la definición que de él presenta Escriche, y añadiendo este Tribunal:

" . . . . El concubinato a que alude el Código Civil se refiere a la condición de vivir juntos lo mismo que marido y mujer sin estar realmente casados. No es suficiente que un hombre coloque a una mujer en una casa y frecuentemente la visite, especialmente si él tiene un hogar propio independiente como la prueba tiende a mostrar."

Y en el caso *Gerena* v. *Suau,* 36 D.P.R. 170, dijo el Tribunal:

"La idea de un estado de concubinato, según indicamos en el caso de *Medina* v. *Sucesión de Bird et al.,* 30 D.P.R. 158, es una relación similar o muy cercana al estado marital. Tal vez podría ser un poco menos que el estado marital y estaríamos dispuestos a reconocer un concubinato, pero un estado de concubinato debe diferenciarse de una relación en que un hombre *meramente mantiene una querida (mistress).* Es cierto que Bartolo Suau pasaba muchas horas con Dolores González, pero no hallamos nada en la prueba que eleve la relación sostenida por Bartolo Suau con Dolores González a un estado de concubinato. Aunque uno o dos testigos llegan a tal conclusión, los autos no demuestran nada parecido a que era de conocimiento público un estado de concubinato entre estas dos personas."

A la luz de esta doctrina, cabe creer que la prueba del concubinato no fué tan exacta y fuerte como se podía requirir. Pero en el caso presente, más que en el concubinato entre Honoré y la Bernier, puede fundarse la resolución en los actos de reconocimiento por parte de aquél.

El artículo 189 del Código Civil de Puerto Rico antes de la Ley No. 73 de 1911, decía así:

"El padre está obligado a reconocer al hijo ilegítimo en los casos siguientes:

"1. Cuando exista escrito suyo indubitado en que expresamente reconozca su paternidad.

"2. Cuando pública o privadamente le tenga por hijo suyo o le haya llamado tal en conversación o se ocupe de su educación o sostenimiento.

"3. Cuando la madre fué conocida viviendo en concubinato con el padre al tiempo del embarazo o nacimiento del hijo o cuando éste haya nacido llevando sus padres relaciones amorosas."

La obligación de reconocer nace aquí de tres distintas fuentes. Una de ellas es el haber públicamente tenido por hijo a la persona de que se trata, haberle llamado tal, y haberse ocupado de su educación y sustento. Y éste es el caso aquí.

En cuanto al tercer señalamiento se refiere a la imposición de costas. Materia de una prudente discreción, no creemos tener que acudir a una revocación, a no demostrársenos que el juez abusó de tal discreción. Y aquí no se ha demostrado.

*Debe confirmarse la sentencia apelada.*

Los Jueces Presidente Señor del Toro y Asociado Señor Hutchison están conformes con la sentencia pero no con todos los fundamentos.