ANDREA GONZÁLEZ Y LUGO, como madre con patria potestad sobre la menor MARÍA LUISA GONZÁLEZ, demandante y apelante, *v*. SUCESIÓN DE MARIO SÁNCHEZ Y QUIÑONES, demandada y apelada.

No. 4509.—*Sometido*: Nov. 6, 1929. *Resuelto*: Nov. 14, 1929.

*L. López de Victoria,* abogado de la apelante; la parte apelada no compareció.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Seguido este pleito de filiación en rebeldía de la sucesión demandada fué dictada sentencia declarando sin lugar la demanda y contra ella fué interpuesta esta apelación.

Andrea González Lugo, en nombre de su hija menor de edad María Luisa González, demandó en 1927 a la viuda e hijos menores de edad de Mario Sánchez Quiñones, fallecido en 1921, alegando que sostuvo relaciones amorosas con Mario Sánchez Quiñones en concubinato desde el año 1912 hasta el 1915 bajo el mismo techo como marido y mujer, siendo ambos solteros y sin tener impedimento para contraer matrimonio; y que durante ellas fué procreada y nació en 1913 la niña María Luisa, la que siempre fué tenida por Mario Sánchez Quiñones como hija suya en público y en privado y atendió a su sostenimiento y educación.

Las únicas declaraciones presentadas en el juicio fueron la de la madre de la demandante y la de la madre de Mario Sánchez Quiñones, resultando de ellas probados los hechos expuestos en la demanda como base de la acción ejercitada y que durante el embarazo de la madre y el nacimiento de la niña los padres vivieron juntos bajo un mismo techo, públicamente, como marido y mujer hasta 1915. Esa niña nació el 19 de agosto de 1913.

No obstante esas declaraciones el tribunal inferior de-

claró sin lugar la demanda por el fundamento de que habiendo sido establecida de acuerdo con el artículo 189 del Código Civil, en relación con el 193, era necesario probar, y no se hizo así, que los padres al tiempo de la concepción tenían la intención de casarse o estaban comprometidos para ello, citando el caso de *Medina* v. *Sucn. Bird,* 30 D.P.R. 158. Este fundamento se alega ser erróneo por el apelante.

El caso citado por el tribunal inferior se refiere al artículo 189 del Código Civil según regía en 1903, preceptivo de que el padre está obligado a reconocer al hijo natural entre otros casos cuando la madre fué conocida viviendo en concubinato con el padre al tiempo del embarazo o del nacimiento del hijo, o cuando éste haya nacido llevando sus padres relaciones amorosas; y en dicha sentencia declaramos que no se había probado que aquellos padres vivieron en concubinato porque no era suficiente para que exista que un hombre coloque a una mujer en una casa y frecuentemente la visite, especialmente si él tiene un hogar propio independiente, como la prueba tendía a demostrar: y que si bien se alegó en la demanda que los padres habían sostenido relaciones amorosas, esas palabras significaban relación entre amantes con el compromiso más o menos de casarse.

Ese texto legal y esa sentencia no tienen aplicación al caso presente porque dicha ley fué enmendada en el año 1911, antes de nacer María Luisa en 1913, suprimiendo la cuestión de relaciones amorosas, y dejando únicamente dicho caso diciendo que el hijo tiene derecho a ser reconocido "cuando la madre fué conocida viviendo en concubinato con el padre durante el embarazo y al tiempo del nacimiento del hijo".

En vista, pues, de que fué probado el concubinato y de que no era necesario acreditar el carácter de las relaciones de los padres con compromiso de matrimonio, *la sentencia apelada debe ser revocada y dictarse otra declarando con lugar la demanda sin especial condena de costas.*

El Juez Asociado Señor Texidor no intervino.