JUANA RAMOS, en su carácter de madre con patria potestad sobre su menor hija, DOLORES RAMOS, demandante y apelada, *v.* LA SUCESIÓN DE EMILIO RAMOS, compuesta de su Señora madre Doña ISABEL RAMOS, demandada y apelante.

No. 6729.—*Sometido:* Marzo 13, 1935. *Resuelto:* Marzo 27, 1935.

*José C.* y *José I. Aponte,* abogados de la apelante; *A. Porrata Doria,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

■ La demandada apela de una sentencia dictada en favor de la demandante en pleito de filiación. Ella sostiene que la corte de distrito cometió error al declarar sin lugar una moción para que se archivara el recurso. La moción de archivo fué radicada el 12 de julio de 1933. La corte de distrito había declarado con lugar una excepción previa a la demanda original y concedido permiso para enmendar. La demandante no había radicado su demanda enmendada dentro del término concedídole para tal fin y esta omisión era el único motivo en que se basaba la moción para archivar. La demanda enmendada fué presentada el 15 de julio. La demandada, en 19 del mismo mes, radicó una excepción previa a la demanda enmendada. En 20 de septiembre la corte de distrito declaró sin lugar la excepción previa y concedió a la demandada diez días para contestar. La demandada contestó el 26 de septiembre. El caso fué señalado para vista el 13 de febrero de 1934 y ambas partes anunciaron estar listas. Nada hay que demuestre que la demandada llamara la atención del juez de distrito hacia su moción. El haberse dejado de descubrir y resolver la moción aparentemente abandonada no fué un error que da lugar a la revocación.

■ El segundo señalamiento es que la corte de distrito cometió error al declarar sin lugar la excepción previa interpuesta a la demanda enmendada. La médula del argumento es que la demanda enmendada no alegaba "que el hijo nació de relaciones amorosas de los padres." En el presente caso la apelante se funda en el de *Medina* v. *Sucesión Bird, et al.*, 30 D.P.R. 158. En dicho caso esta corte interpretaba el artículo 189 del Código Civil, tal cual regía en 1903. La demandante en este caso nació en 1912. El requisito estatutario para aquel entonces era que "la madre fué conocida viviendo en concubinato con el padre durante el embarazo y al tiempo del nacimiento del hijo." (Estatutos Revisados de 1911, sección 3263). Así, pues, no era necesario

alegar que la demandante "nació de relaciones amorosas de los padres." Aun si no fuese así, el error, visto a la luz de los acontecimientos posteriores, no hubiese sido perjudicial, toda vez que el juez sentenciador no basó su sentencia en el supuesto concubinato sino en otros fundamentos.

El tercer señalamiento es que la corte de distrito cometió error al dictar sentencia en favor de la demandante por ser dicha sentencia contraria a los hechos y a la ley. Fuera de la cuestión de concubinato, que conforme hemos indicado ya fué prácticamente eliminada por el juez sentenciador, la argumentación se dirige a la suficiencia de la prueba y a la apreciación de la misma. Como es usual en tales casos, hubo considerable conflicto de prueba, mas no podemos convenir con la apelante en que la prueba aducida por la demandante era insuficiente para sostener la sentencia y no hallamos error manifiesto en la apreciación de la prueba.

El cuarto señalamiento se refiere a la cuestión de las costas. En vista de la doctrina ya establecida por este tribunal, especialmente en los primeros casos, sobre la clase de prueba requerida en pleitos de filiación, en vista de la doctrina respecto a la naturaleza de la prueba requerida para establecer el concubinato, sentada por esta corte en el caso de *Medina* v. *Sucesión Bird,* supra, y *Gerena* v. *Suáu,* 36 D.P.R. 170, y de la duda expresada por el juez de distrito en lo atinente a la suficiencia de la prueba para cumplir con los requisitos de dicha doctrina, nos sentimos inclinados a creer que debieron haberse excluído los honorarios de abogado del pronunciamiento de costas. Fuera de esto, no hallamos que hubiera abuso de discreción al conceder las mismas.

*La sentencia apelada debe ser modificada y, así modificada, confirmarse.*