JUAN RODRÍGUEZ, EN SU CARÁCTER DE PADRE CON PATRIA POTESTAD SOBRE SU MENOR HIJA GLORIA ESTHER RODRÍGUEZ, demandantes, apelados y apelantes, *v.* ROBERTO CRUZ DE JESÚS, demandado, apelante y apelado.

Núm. 9603.—*Sometido:* Abril 2, 1948. *Resuelto:* Mayo 17, 1948.

*Ernesto Juan Fonfrías* y *Santiago Polanco Abréu,* abogados del de-dandado, apelante y apelado; *Benigno Dávila,* abogado de los demandantes, apelados y apelantes.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Corte de Distrito de San Juan dictó sentencia en este caso declarando con lugar la demanda sobre filiación y alimentos. La filiación se basó, exclusivamente, en el hecho de haber vivido la madre del demandante[1] y el demandado en concubinato durante el embarazo y el nacimiento del demandante, hecho que la corte consideró probado. El demandado en este recurso alega, como únicos errores, que la prueba no sostiene esta conclusión y tiene razón a nuestro juicio. Veamos los hechos que la corte inferior consideró probados:

"Que por el mes de agosto de 1944 el demandado empezó a galantear a la menor Gloria Esther Rodríguez, saliendo con ella y llevándola al cine; que después de tres meses de estar saliendo con ella a pasear y llevándola al cine, la invitó a ir con él a Isla Verde, a finales del año 1944; que fueron a Isla Verde y allí tuvie-

[1] Este es un caso en el que quien comparece es la madre, representada por su padre, debido a ser ella menor de edad, pero al igual que en el caso de *Maldonado* v. *Quetell,* pág. 420, ante, la verdadera parte interesada es el hijo de la demandante, y como tal lo consideraremos.

ron relaciones carnales; que después de este contacto carnal, en un negocio de bolita que estaba establecido en casa de la madre del demandado y donde la menor aparentaba ir a trabajar para el demandado, continuó esas relaciones con el demandado, teniendo contacto carnal dos o tres veces a la semana con el demandado tanto de día como de noche; que para abril de 1945, al retirársele su menstruación mensual, la menor se dió cuenta de que estaba encinta y se lo dijo al demandado; que entonces el demandado intentó hacer abortar a la menor tanto por medio de abortivos como por la intervención de un médico; que la menor a pesar de estar encinta siguió teniendo relaciones carnales con el demandado; que en 17 de septiembre de 1945, la Supervisora de la escuela a donde iba a estudiar la menor, se dió cuenta del estado de la muchacha y la llamó a la oficina y la menor allí le confesó lo que le había pasado: que entonces la Supervisora llamó a los padres de la menor y les informó lo que le había sucedido a su hija; que entonces el padre de la menor requirió al demandado y el demandado aceptó ser el padre del hijo y dijo que no se negaba a reconocerlo pero que lo reconocería siempre y cuando que no llevaran acción alguna contra él porque la madre del demandado se oponía al reconocimiento; que el demandado le estaba dando cantidades de dinero a la menor bajo la pretensión de ciertos trabajos que la menor realizaba para un negocio de banca de bolita que había establecido en la casa de la madre del demandado; que a pesar de que el demandado era casado durante el tiempo que tuvo relaciones con Gloria Esther Rodríguez, el demandado vivía en casa de su madre, separado de su esposa, y le había prometido a la menor que tan pronto se divorciara le pondría casa a ella, entendiendo la menor que esto significaba que el demandado se casaría con ella; que el niño tiene una fuerte semejanza física con el demandado; que el demandado tiene una capacidad económica de alrededor de cien dólares quincenales; pero que está casado y tiene dos hijas de su matrimonio."

A estos hechos probados aplica entonces la corte inferior el caso de *Colón* v. *Sucn. A. J. Tristani*, 44 D.P.R. 171, en el cual dice que esta Corte adoptó una actitud que "tiene la flexibilidad sociológica y la realidad ambiental necesarias para no permitir, que por un conceptualismo reminiscente que obedece a la estructura de una sociedad que ya no existe en Puerto Rico, se puedan escapar de cumplir sus legítimas

obligaciones como padre, una serie 'de hombres a quienes la infelicidad conyugal o la pura satisfacción genésica les impulsa a relaciones extra-matrimoniales, que cada día suelen ser más frecuentes debido a la ancha convivencia que el trabajo femenino ha establecido para los hombres y mujeres de este siglo.''

Aun cuando la propia corte sentenciadora cita de la opinión que en reconsideración se dictó en el caso de *Colón* v. *Sucn. Tristani,* 45 D.P.R. 227, arguye que nada hay en dicha opinión que represente ''una limitación o rectificación del principio establecido en la decisión original'', no obstante el hecho de que en dicha reconsideración claramente se dijo que ''No hemos equiparado las relaciones de un hombre con su querida al estado de concubinato.'' Pero, a reglón seguido, admite la corte inferior que ''Tenemos que aceptar que el Tribunal Supremo de Puerto Rico ha adoptado una posición restringiendo la regla liberal establecida en el caso de *Colón* v. *Sucn. de A. J. Tristani,* después del año 1933 hacia acá''; cita los casos de *Ortiz* v. *Dragoni,* 59 D.P.R. 14; *Vázquez* v. *De Jesús,* 65 D.P.R. 900 y *Montañez* v. *Rodríguez,* 67 D.P.R. 214, y admite, después de analizarlos, que desde el punto de vista estricto de estos casos ''había que declarar sin lugar la demanda''.

La aparente desorientación de algunas cortes de distrito en cuanto al alcance del razonamiento usado en el caso de *Colón* v. *Sucn. A. J. Tristani,* supra, se debe al hecho de que dicho caso comprendía dos causales de filiación: el concubinato y la posesión de estado, mientras que los casos de *Vázquez* v. *De Jesús* y *Montañez* v. *Rodríguez* (y el de autos), se basan exclusivamente en el concubinato de los padres. Esto lo admite la corte inferior, pero sostiene que habiéndose probado en el de autos las relaciones íntimas del demandado con la madre del niño, robustecida por otra prueba de actos del padre, es suficiente para dejar establecido el concubinato, y al efecto en la sentencia dictada, expresamente hace cons-

tar que se declara a Efraín Rodríguez "hijo natural de Roberto Cruz de Jesús y de Gloria Esther Rodríguez, habido mientras los padres vivieron en concubinato." No basó, pues, la corte su sentencia en una posible posesión de estado,([2]) sino estrictamente en el concubinato. De acuerdo con los hechos que la corte consideró probados, somos de opinión que no está justificada dicha conclusión, ni a base de los casos de *Vázquez* v. *De Jesús* y *Montañez* v. *Rodríguez* y tampoco del caso de *Colón* v. *Sucn. de A. J. Tristani,* supra, citado en los anteriores y ratificado en el más reciente de *Bianchi* v. *Sucn. Bianchi,* 67 D.P.R. 594, en el que resolvimos que cuando la prueba no demuestra que el padre putativo y la madre del supuesto hijo natural vivieron como marido y mujer sin estar realmente casados, sino más bien que la madre era la querida o amante del padre putativo, comete error la corte al decir que había quedado establecido el estado de concubinato. Este caso fué resuelto tomando en consideración el de *Tristani* y también los de *Ortiz* v. *Dragoni,* supra; *Carradero* v. *Lebrón,* 58 D.P.R. 135; *Estela* v. *Sucn. Medraño,* 51 D.P.R. 548; *Góñez* v. *Palmieri,* 50 D.P.R. 457, todos posteriores al de *Tristani,* y también los de *Medina* v. *Sucn. de Bird et al.,* 30 D.P.R. 158; *González* v. *Sucn. Sánchez,* 40 D.P.R. 155 y *Gerena* v. *Suau,* 36 D.P.R. 170, resueltos en fecha anterior al de *Tristani.*

■ Erró, pues, la corte al declarar al demandante hijo natural reconocido del demandado, pero no al condenar al demandado a pasarle $30 mensuales para alimentos, ya que de acuerdo con los hechos que la corte consideró probados quedó establecida la partenidad y el demandante tenía derecho a los alimentos aun cuando sea un hijo adulterino.

([2])No podría hacerlo porque nada hay en la prueba que tienda a demostrar que el demandado, con posterioridad al nacimiento del niño, realizara acto alguno de reconocimiento. Todos los hechos que la corte consideró probados se refieren a actuaciones anteriores a dicho nacimiento. *Cf. Ortiz* v. *Dragoni,* 59 D.P.R. 14, 17.

*Miranda* v. *Cacho,* 66 D.P.R. 550; *Pueblo* v. *Rodríguez,* 67 D.P.R. 735, y casos en él citados.

*Se revocará la sentencia apelada en tanto en cuanto declaró a Efraín Rodríguez hijo natural del demandado y se confirmará en cuanto condenó al demandado a pasarle $30 mensuales para alimentos.*

El Juez Asociado Sr. De Jesús no intervino.