MARÍA FRANCISCA HERMINIA TORRES, demandante y apelante, *v.* SUCESIÓN DE JOSÉ ANACLETO CABALLERO FLORES, demandados y apelados.

No. 4265.—*Sometido:* Febrero 3, 1928. *Resuelto:* Junio 10, 1929.

*E. Márquez Huertas,* abogado de la apelante; *González Fagundo & González Jr.,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

██ José Anacleto Caballero Flores murió con testamento otorgado en junio de 1923 en el que después de manifestar que era soltero, sin descendientes legítimos ni naturales y sin ascendentes legó el remanente líquido de sus bienes, después de ser pagadas sus deudas, a dos hermanos suyos nombrados Juan y Josefa Caballero Flores. Posteriormente, María Francisca Herminia Torres, conocida por Herminia Torres, presentó demanda en la Corte de Distrito de Humacao para que la declarase hija natural reconocida de José Anacleto Caballero Flores y dirigió su acción contra todos los hermanos vivos y contra varios sobrinos del testador, hijos de hermanos fallecidos, como componentes de su sucesión. Los hermanos y uno de los sobrinos contestaron la demanda y se opusieron a ella pero los otros sobrinos no comparecieron en el pleito. Dictada sentencia declarando sin lugar la demanda fué interpuesta esta apelación, que fué notificada a los demandados que habían comparecido pero no a los otros y por esto nos pidieron el día de la vista de esta apelación los demandados que han comparecido que la desestimemos, alegando que carecemos de jurisdicción para resolverla porque los demandados que no han sido notificados de la apelación son parte contraria en ella pues les afectaría una revocación de la sentencia apelada, ya que de subsistir la sentencia apelada quedaría válido el testamento y ellos

serían herederos en unión de los hermanos de su tío por no tener ese testamento institución de herederos.

Sucesión es, según el artículo 664 (a) del Código Civil, la transmisión de los derechos y obligaciones del difunto a sus herederos. De acuerdo con el artículo 668 del mismo Código, llámase heredero al que sucede a título universal y legatario al que sucede a título particular; y dispone el artículo 676 del mismo cuerpo legal que el testador puede disponer de sus bienes a título de herencia o de legado, y que en la duda, aunque el testador no haya usado materialmente la palabra heredero, si su voluntad está clara acerca de este concepto, valdrá la disposición como hecha a título universal o de herencia. En este caso el testador dispuso del remanente líquido de sus bienes a favor de dos hermanos suyos a título de herencia, porque aunque no usó materialmente la palabra heredero sino la de legado, sin embargo, no les dejó una cosa particular sino la universalidad de sus bienes líquidos, por lo que sus sobrinos no tienen derecho a ser declarados herederos suyos y por tanto no son partes contrarias en esta apelación ya que no puede afectarles una revocación de la sentencia apelada pues no han de derivar beneficio alguno de que la sentencia y el testamento subsistan y, en consecuencia, la apelación no debe ser desestimada.

■■ Resuelta la precedente cuestión pasemos a resolver los méritos de la apelación.

Año y medio después de otorgado ese testamento murió José Anacleto Caballero Flores en 16 de diciembre de 1924 y antes de transcurrir un año de su defunción fué presentada la demanda en este caso en que la demandante alegó tener treinta años de edad, haber nacido en Aguas Buenas el 3 de diciembre de 1895 y ser fruto de las relaciones amorosas de su madre Eladia o Elodia Torres con José Anacleto Caballero Flores, siendo ambos solteros y sin impedimento para contraer matrimonio, y que desde entonces la demandante se halla en la posesión continua del estado de hija natural de

José Anacleto Caballero Flores, justificada por actos de su padre y de su familia, según alegaciones de hecho que a tal fin hizo. La demanda contiene otras dos causas de acción que dependen de que sea tal hija natural reconocida, y está basada en el artículo 135 No. 2°. del Código Civil Español vigente en la fecha del nacimiento de la demandante.

Celebrado el juicio la corte inferior declaró sin lugar la demanda y en apelación contra esa sentencia alega la demandante dos motivos para que sea revocada, a saber: que erró la corte sentenciadora al no apreciar debidamente la prueba presentada por la demandante, toda vez que no tuvo en consideración la continua posesión de estado de hija natural que los hechos probados demostraron, y el concepto en que como a tal hija la tuvieron siempre los propios familiares del padre; y al declarar sin lugar la demanda y negar el reconocimiento de hija natural como se solicitaba, bajo los fundamentos en que lo hizo, así como al dejar de resolver las demás peticiones de la demanda.

Para justificar la apelante los actos de reconocimiento tendentes a demostrar la posesión continua que alega tener de hija natural reconocida de José Anacleto Caballero y Flores por actos de él y de su familia presentó en el juicio declaraciones de su madre, de ella y de cuatro testigos más. Según la declaración de su madre Elodia o Eladia Torres, viviendo ésta en casa de su padre en un barrio de Aguas Buenas, tuvo relaciones amorosas con José Anacleto Caballero Flores de las que nació la demandante, yendo a vivir después a una casa que les puso el padre de su amante, cercana a la finca de esa familia, donde era visitada por José Anacleto Caballero Flores y allí permaneció durante un año, yendo después con su hija a vivir con sus hermanos en un barrio de Bayamón: dijo que los gastos del parto los pagó José Anacleto Caballero Flores, quien trataba a la niña como hija suya, que fué a Bayamón a buscarla a ella y a la niña para ser ésta bautizada en Aguas Buenas, en cuya

ocasión estuvieron en la casa del padre de José Anacleto Caballero Flores, siendo tratada entonces la niña por su familia como hija de José Anacleto Caballero Flores, quien posteriormente mandó a buscar la niña a Bayamón para tenerla en su casa donde permaneció por dos o tres meses y que José Anacleto Caballero Flores siguió las relaciones con la madre y con la hija yendo en ocasiones a Bayamón hasta que la demandante tuvo doce o catorce años de edad, después de cuya fecha no volvió allá.

La demandante, que tiene 30 años de edad, recuerda a José Anacleto Caballero Flores desde que ella tenía unos siete años de edad, cuando vivía con su madre en Bayamón: dice que aquél la trataba como hija, la hacía regalos y la mandaba a buscar para que se quedara con él en Aguas Buenas pero que ella a los dos o tres meses de estar en la casa de esa familia como hija de él se volvía a Bayamón donde su madre: que él iba algunas veces a la casa de la madre de la declarante y que uno o dos años antes de que él muriera estuvo a visitarlo.

Jacinto Torres dijo que José Anacleto Caballero Flores le habló para que fuera padrino de su hija a lo que accedió, y con tal motivo se trasladaron con la madre a Aguas Buenas donde tuvo lugar el bautismo y que en esa ocasión todos estuvieron en la casa de José Anacleto Caballero donde él y sus familiares trataron a la niña como hija. Este testigo declaró también que la niña fué bautizada como a los tres años de edad pero del acta de su bautismo aparece que tenía siete meses de nacida.

La testigo Victoria Cedeño es viuda de un hermano de José Anacleto y declaró en términos similares a Elodia Torres, pero hay que hacer constar que ella admitió estar disgustada con esa familia porque imputaron a un hijo suyo el robo de unas novillas y por cuestión de dinero.

Gerardo Vergara conoció a Elodia y a José Anacleto viviendo juntos, naciendo entonces la demandante a quien

él trataba como hija: que la última vez que la vió allá fué como 28 a 30 años antes, y que de la última vez que vió a Caballero hará como seis años.

El último testigo de la demandante, Telesforo Camacho, poco sabe sobre el asunto pues manifestó que ignora si José Anacleto Caballero dejó o no hijos al morir, aunque de público se decía que tenía una hija, y que no sabe del trato que él daba a la hija de Elodia.

Varios fueron los testigos presentados por los demandados. Juan Caballero Torres que es uno de éstos y es hermano de José Anacleto, con quien vivía en unión de otros hermanos, dijo que conoce a la demandante porque fué a la casa como sirviente, y negó que en ocasión alguna haya estado allí como sobrina suya y como hija de su hermano José Anacleto. Artemio Camacho dijo que por veinte años tuvo relaciones de amistad íntima con José Anacleto Caballero, quien nunca le manifestó que tuviera hija alguna y que no supo que él tuviera mujer a su cargo; que vivió en la casa contigua a la de José Anacleto Caballero y no sabe que viviera con Elodia Torres; vivía como a tres o cuatro kilómetros de los Caballeros, pasaba a diario por allí y entraba en su finca: no conoce a la demandante. Carlos Díaz conoció a José Anacleto Caballero desde que éste tenía 18 años de edad y trabajó en la casa de ellos como siete años: no conoce a Herminia y no ha conocido hijos a José Anacleto. Etelvina Mesler dijo que hace 28 ó 29 años fué novia de José Anacleto Caballero durante dos años y no le conoció ninguna concubina: no conoce a la demandante. Antonia Velázquez conoció a José Anacleto Caballero desde que éste tenía 8 años de edad: vivía frente a la casa de él: no conoció a Elodia Torres viviendo en esa finca. Tal fué en resumen toda la prueba testifical.

Para analizar tal prueba hay que tener en cuenta algunas circunstancias concurrentes en casos como el presente. Desde luego, cuando se trata de obtener la declaración del *status* de

hija natural de un padre que ha fallecido la prueba debe ser estudiada y considerada con mucho cuidado y hasta con cierto recelo, pues. la persona a quien se imputan determinados actos de reconocimiento no puede defenderse de ellos y son generalmente sus parientes, desconocedores muchas veces de la vida íntima del difunto, los que han de defenderle de la imputación de tales actos, sin otra prueba, generalmente, que la negativa. Además, suele ser sospechoso que a pesar de haber transcurrido un gran número de años, en este caso unos diez y seis años, sin que se atribuya al presunto padre actos de reconocimiento y más bien un abandono de ellos, sin embargo se esperó su muerte para entonces demandar a los que han de recibir sus bienes. Y en todo caso siempre hay que tener en cuenta que la prueba de los actos de reconocimiento debe ser robusta y convincente, según hemos declarado en varias ocasiones, y que no debe ser de actos aislados sino en tal modo que demuestren la posesión continua del *status* de hijo natural del presunto padre o de su familia, sin que tengan que ser ininterrumpidos durante toda la vida del hijo reclamante.

Teniendo tales reglas por norma estimamos que la prueba en este caso no es robusta y convincente para demostrar el *status* de hija que la demandante interesa se declare a su favor, pues de las manifestaciones hechas por la madre de la demandante resulta que al año del nacimiento de su hija ambas fueron a vivir a un barrio de Bayamón y aunque también manifiesta, al igual que su hija, que allí iba José Anacleto Caballero de vez en cuando, tales visitas y actos de tratar entonces a la demandante como hija suya eran actos aislados, insuficientes para demostrar un *status* de hija natural durante un período de tiempo razonable. Los actos de reconocimiento en la casa de José A. Caballero fueron negados por su hermano Juan Caballero, y los otros testigos de la demandante no aportan gran peso a las declaraciones de la demandante y de su madre, pues si bien Jacinto Torres fué

el padrino de bautismo de la demandante su afirmación de que el bautismo tuvo lugar cuando Herminia tenía tres años de edad, cuando documentalmente se ha demostrado que sólo tenía siete meses de nacida, quita mucho peso al valor de su declaración en cuanto a actos de reconocimiento del presunto padre y de su familia. Gerardo Vergara y Telesforo Camacho no ayudan mucho a la demandante, especialmente el último; y en cuanto a Victoria Cedeño, sin duda alguna, la corte inferior no la creyó en vista de sus propias manifestaciones. Por consiguiente, la prueba de la demandante, aun descontando la negativa de la de los demandados, no la estimamos suficiente para demostrar una posesión continua del estado de hija natural de José Anacleto Caballero derivada de actos de reconocimiento del presunto padre ni de su familia, por lo que no existe el primer motivo de error alegado.

Tampoco existe el segundo porque la sentencia declarando sin lugar la demanda es consecuencia lógica de la falta de prueba de la demandante; ni al dejar de resolver las demás peticiones de la demanda porque su resolución sólo era necesaria en el caso de que la demandante fuera declarada hija natural.

*La sentencia apelada debe ser confirmada.*

El Juez Presidente Señor del Toro y Asociado Señor Hutchison disintieron en cuanto a la confirmación de la sentencia.