CASTRO ET AL., DEMANDANTES Y APELADAS, *v.* QUIÑONES, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre filiación y alimentos.

No. 2286.—Resuelto en julio 9, 1921.

APRECIACIÓN DE PRUEBA CONTRADICTORIA—ALEGATO DEFICIENTE.—Es al apelante que solicita la revocación de una sentencia basada únicamente en el motivo de haberse cometido error al apreciar la prueba, a quien incumbe, no sólo enunciar, sino probar la proposición así levantada, o por lo menos discutir la prueba en la cual la corte sentenciadora fundó su sentencia en tanto sea necesario, no meramente para sugerir como posibilidad, sino demostrar positivamente que la alegación no carece enteramente de méritos. No incumbe ni es el deber de ningún tribunal de apelación buscar en los autos sin la ayuda de referencias o de alguna indicación precisa, los pormenores del caso, para determinar si en realidad fué o no cometido el error alegado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Martínez Nadal.*

Abogado de las apeladas: *Sr. T. Castillo.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El alegato presentado en este caso no contiene señalamiento de errores por separado, pero en el curso de la argumentación se admite que no existen conflictos de derecho y se alega que la corte inferior "cometió un error perjudicial al demandado al apreciar la prueba ofrecida por ambas partes en este caso."

El argumento para sostener esta proposición que más bien es amplia, es en substancia que los demandantes presentaron un número considerable de testigos que hablaron sobre las relaciones paternales, visitas y pretendidas caricias; que esta prueba fué contradicha por las declaraciones de los testigos de la defensa; que, el demandado tenía dos hijos naturales reconocidos con la madre de la demandante y que era natural que antes de separarse totalmente de ella visitase él la casa de ésta y acariciase a los dos hijos que había reconocido, dando así base para que los testigos poco

escrupulosos y veraces pudieran sostener el hecho de que él continuó después observando igual conducta con los dos hijos postizos; que el demandado declaró que desde más de un año antes del nacimiento de las demandantes se había separado en absoluto de la madre; que el demandado es hoy un hombre casado y lo era cuando otorgó la escritura de recocimiento de las dos hijas naturales por él reconocidas; que a la fecha de esta escritura las demandantes tenían ocho o nueve años, y que es un hecho significativo que el demandado se allanara así a reconocer los dos hijos naturales suyos y se negase a hacerlo con los otros; que los disgustos y asperezas en su hogar serían los mismos tratándose del reconocimiento de dos que de cuatro hijos; que los perjuicios materiales que ocasionaba a su familia legítima serían casi exactamente iguales en uno u otro caso; que siendo esto así el único motivo que el demandado pudo haber tenido al negarse a reconocer a las demandantes ha de encontrarse en la seguridad que tenía de la imposibilidad fisiológica de la paternidad que alegan las demandantes; y que corroborado por estas circunstancias la declaración del demandado es la declaración más lógica, más veraz y digna de fe del asunto.

No se analiza de modo alguno esta prueba. Ni siquiera se hace un resumen o sumario de ella.

Tres días se emplearon en la celebración del juicio en la corte inferior y el record taquigráfico por sí sólo consta de más de cien páginas. La única referencia que se hace de este record taquigráfico es a las páginas donde se encuentra la declaración del demandado. Esa es únicamente la declaración que se discute en absoluto en el alegato. Casi todo lo que puede colegirse de la argumentación contenida en él es que el error alegado consiste en no haberse aceptado como verdadera la declaración del demandado y en haberse preferido dar crédito "al considerable número de testigos" cu-

yas declaraciones sobre "las relaciones paternales y visitas" fueron negadas por el demandado.

Es al apelante que solicita la revocación de una sentencia basado únicamente en el motivo de haberse cometido error al apreciar la prueba a quien incumbe no sólo enunciar sino probar la proposición así levantada, o por lo menos discutir la prueba en la cual la corte sentenciadora fundó su sentencia en tanto sea necesario no meramente para sugerir como posibilidad sino demostrar positivamente que la alegación no carece enteramente de méritos. No incumbe ni es el deber de ningún tribunal de apelación buscar en los autos sin la ayuda de referencias o de alguna indicación precisa los pormenores del caso para determinar si en realidad fué o no cometido el error alegado. Decimos esto no con el ánimo de hacer una ociosa crítica, sino porque debido al constante aumento del trabajo de esta corte tal procedimiento se hace de día en día más difícil e impracticable.

En el presente caso podemos decir, sin embargo, que hemos examinado los autos lo necesario para convencernos de que el error de haberse cometido alguno en la conclusión respecto a los hechos a que llegó el juez sentenciador no es tan manifiesto que exija la revocación de la sentencia.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.