MORALES, DEMANDANTE Y APELANTE, *v.* SUCESIÓN DE CAYETANO CERAME, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre filiación.

No. 2505.—Resuelto en junio 22, 1922.

HIJO NATURAL—RECONOCIMIENTO.—Una acción de reconocimiento entablada por un hijo natural está regulada por la ley vigente a la fecha del nacimiento del hijo.

ID.—ID.—PRUEBA.—La mera prueba de la paternidad aun cuando vaya acompañada de actos de caricias y afectos, regalos, o admisiones de la paternidad, no será bastante para conferir un derecho de acción al reconocimiento. La intención del padre de reconocer al hijo debe aparecer, y la prueba de filiación debe ser clara y convincente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Santiago Carmona.*

Abogado de la apelada: *Sr. J. Martínez Dávila.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta fué una acción establecida por un hijo natural, estando fallecido su padre, para obligar al reconocimiento a los herederos o sucesores del susodicho padre. Se admite que la ley que ha de prevalecer es la que existía a la fecha del nacimiento del hijo natural y que como éste nació el día 3 de marzo de 1899, el artículo 135 del anterior Código Civil regula la materia. Dicho artículo prescribe lo siguiente:

"Artículo 135.—El padre está obligado a reconocer al hijo natural en los casos siguientes:

"1. Cuando exista escrito suyo indubitado en que expresamente reconozca su paternidad.

"2. Cuando el hijo se halle en la posesión contínua del estado de hijo natural del padre demandado, justificada por actos directos del mismo padre o de su familia."

\*　　\*　　\*　　\*　　\*　　\*　　\*

La teoría del demandante en este caso como lo demuestran las alegaciones y pruebas era que podía obligarse a hacer el reconocimiento de acuerdo con dicho artículo, no

por razón de los actos de la familia sino solamente por los actos directos del padre.   En cuanto a esto la jurisprudencia de la Corte Suprema de España es que la mera prueba de la paternidad, aún cuando vaya acompañada de actos de caricias y afectos, regalos, o admisiones de la paternidad, no será bastante para conferir un derecho de acción.   Expresa asimismo dicha jurisprudencia que debe aparecer la voluntad o intención del padre.   Sentencias de la Corte Suprema de España de mayo 21, 1896, noviembre 7, 1896 y abril 13, 1894.   De igual modo las decisiones de esa corte y de esta Corte Suprema han exigido que la prueba de filiación deberá ser clara y convincente.

La prueba principal en este caso procede del mismo hijo natural.  Él declaró sobre los actos afectuosos, regalos y visitas a la casa donde vivían su madre y él.   El acto más significativo y sobre el cual se declaró fué el alegado regalo de varios cientos de pesos con lo cual este hijo, que es ahora un hombre, pudo establecerse en negocios.   La mayor parte de las otras pruebas tendía a establecer relaciones sexuales entre la madre del demandante y su presunto padre, como también el pago de un diario.   La corte inferior no dió crédito alguno al testimonio de este joven y él no nos ha convencido de que la corte estuviera equivocada en la apreciación de la prueba.   Existió también un fuerte conflicto en cuanto a los supuestos actos del padre.

Además, la prueba en conjunto, admitiendo la veracidad del demandante, no sugiere la conclusión de que los actos directos del padre eran tales que conferían a este hijo la posesión del estado de hijo natural.   Todos los actos del padre en unión del alegado valioso presente, si no son enteramente probables, son completamente compatibles con el proceder de un hombre que quiere ser cariñoso con un niño ya esté reputado como suyo propio o con quien él ha estado en contacto repetidamente.   Dichos actos no imputan al referido padre el hecho de haber conferido en realidad al hijo

la posesión del estado de que habla la ley y tales actos no fueron contínuos.

Además, el padre ha muerto y no hace muchos años que murió. El hijo tuvo oportunidades durante la vida de su padre para haber establecido esta acción. Las cortes examinarán con cuidado la prueba en tales circunstancias cuando la persona más interesada no puede ser oída. El caso es algo distinto cuando el hijo tiene pocos años al ocurrir el fallecimiento del padre. No sólo son escrupulosas las cortes sino que la legislatura ha reconocido los peligros que hay en casos semejantes con esta clase de prueba. El artículo 3 de la ley de 1904 prescribe, entre otras cosas, que "en las demandas por o en contra de los albaceas testamentarios, administradores o tutores en las cuales pueda dictarse sentencia a favor o en contra de ellos como tales, ninguna de las partes podrá declarar contra la otra en lo referente a transacciones con, o relaciones hechas por el testador, intestado o pupilo, a menos que fuere llamado a declarar por la parte contraria."

Además de la apreciación general de la prueba otros errores fueron alegados en cuanto a las alegaciones y admisión de pruebas. Algunas de las pruebas admitidas eran claramente erróneas, por ejemplo, la prueba de referencia aportada por peritos sobre la supuesta insania de la madre del demandante. Sin embargo, la corte no fundó en ellas ninguna conclusión.

Se permitió al demandante desarrollar todo su caso y no nos ha convencido, después de no haber convencido tampoco a la corte inferior. A él incumbía el peso de la prueba para establecer la posesión contínua del estado de hijo natural.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.