Ramón Nieves Mercado, como defensor judicial de Pilar Mercado, demandante y apelado, *v*. Sucesión de José Sergio Mangual Falero, compuesta de su viuda Aurelia Santana Falero y sus legítimos hijos llamados Agustina, Rafaela, José Sergio, Ana María y Salvadora Mangual Aponte, y Eva, Eliseo y Rafael Angel Mangual Santana, demandada y apelante.

No. 3667.—*Visto:* Febrero 5, 1926. *Resuelto:* Abril 30, 1926.

1. Hijos Naturales—Reconocimiento Obligatorio—Acción de Reconocimiento o Filiación—Ley que Rige.—En las acciones de filiación, la ley vigente a la fecha del nacimiento del demandante es la que regula su estado legal.

2. Hijos Naturales—Reconocimiento Obligatorio—Acción de Reconocimiento o Filiación—Evidencia—Suficiencia de la Misma—Actos Aislados de Reconocimiento.—El aquí demandante nació en época en que actos aislados de reconocimiento, si suficientemente probados, bastaban para establecer un estado legal. Atendida la prueba de esos actos en el caso de autos, se resolvió era robusta y convincente.

3. Apelación y Error—Revisión—Cuestiones de Hecho, Veredictos y Conclusiones—Apreciación de las Pruebas—Conclusiones Sobre la Misma.—En un caso de filiación, cualquiera que fuere la conclusión general sobre la prueba, la corte de apelación, por regla general, no revocará.

Sentencia de *Charles E. Foote*, J. (Primer Distrito, San Juan), declarando con lugar la demanda, con costas. *Confirmada.*

R. *Martínez Nadal*, abogado de la apelante; *Carmelo Honoré*, abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Los demandados que constituyen la sucesión de José Ser-

gio Mangual apelan de una sentencia dictada por la Corte de Distrito de San Juan en la cual sus conclusiones eran que José Sergio Mangual consideró siempre a la menor Pilar Mercado, pública y privadamente como hija suya; que al referirse a ella en su conversación con otras personas, la llamaba su hija, y la atendió y cuidó y se ocupó solícitamente de su educación; que la prueba en este sentido era abundantísima.

Los apelantes dedican gran parte de sus esfuerzos a probar que los padres de Pilar Mercado no vivieron juntos en concubinato. Nos inclinamos a convenir con ellos, y la corte no llegó a ninguna conclusión sobre concubinato.

[1] La menor demandante nació en el año 1903. La ley vigente en esa fecha es la que regula su estado legal. El artículo 189 del Código Civil que entonces regía prescribía lo siguiente:

"El padre está obligado a reconocer al hijo ilegítimo en los casos siguientes:

"1.—Cuando exista escrito suyo indubitado en que expresamente reconozca su paternidad.

"2.—Cuando pública o privadamente le tenga por hijo suyo o le haya llamado tal en conversación o se ocupe de su educación y sostenimiento.

"3.—Cuando la madre fué conocida viviendo en concubinato con el padre al tiempo del embarazo o nacimiento del hijo, o cuando éste haya nacido llevando sus padres relaciones amorosas."

La conclusión de la corte está redactada casi exactamente en el lenguaje del párrafo 2 de ese artículo.

Hubo prueba tendente a acreditar que el padre hizo regalos directamente a la niña, pero más bien con poca frecuencia como indican los apelantes; que él le enviaba en ocasiones cantidades de dinero por conducto de otras personas para su educación; que siempre la llamó como hija suya cuando se encontraba con ella, y le echaba la bendición, y según manifiesta un testigo, que no es la niña demandante, en cierta ocasión la besó; que decía que iba a

reconocerla, o desearía hacerlo con tal que pudiera obtener el consentimiento de su esposa. Hubo prueba robusta creditiva de que Pilar era realmente la hija natural que alegaba ser.

La viuda de Sergio Mangual fué a la silla de testigos para decir que en ninguna ocasión su difunto esposo hizo mención de Pilar como hija natural suya; que no hubiera tenido inconveniente en reconocer a la niña si él lo hubiese solicitado; que a petición suya ella había reconocido a tres hijos naturales, la prole de su esposo. Esta testigo fué corroborada por otras declaraciones del mismo carácter, y un testigo manifestó que la madre de Pilar era también madre de los otros tres hijos. Hubo otra prueba negativa respecto al hecho de no nombrar el padre a su hija Pilar cuando tuvo una buena oportunidad de hacerlo. Era solícito en sus últimos días con sus tres hijos que había reconocido, pero no con Pilar.

Pilar era una enfermera graduada y se sostenía ella misma en la fecha, o antes del fallecimiento de su supuesto padre y como ayudó con algo a su educación pudo haber tenido su mente fija más particularmente en los otros hijos. Está demás investigar mucho en cuanto a los motivos del finado. No hemos revisado aquí toda la prueba.

[2] Bajo la presente ley el hijo debe gozar sin interrupción de las condiciones de hijo natural del padre demandado, justificadas por los actos del mismo padre o de su familia. En 1903 las actos aislados de reconocimiento y cosas semejantes si eran suficientemente acreditados bastaban para establecer un estado legal. La prueba de estos actos, si habían de ser creídos los testigos de la demandante, fué robusta y convincente. La corte la creyó y no encontramos nada en los autos que demuestre que la corte no estuvo justificada en su conclusión.

El caso de *Medina* v. *Herederos de Bird,* 30 D.P.R. 158, giró principalmente sobre la prueba de concubinato y la

conclusión de la corte inferior en todos sus pormenores fué en contra del hijo.

La apelante citó el caso de *Morales v. Herederos de Cerame,* 30 D.P.R. 843. Allí también la conclusión fué en contra del hijo que nació mientras estaba aún en vigor el Código Civil. El precepto concordante de ese código era el artículo 135, párrafo 2 del Código Civil: ''Cuando el hijo se halle en la posesión continua del estado de hijo natural del padre demandado, justificada por actos directos del mismo padre o de su familia.''

[3] Al efecto de que generalmente no revocamos en un caso como éste, sea cual fuere la conclusión de la corte, citamos los casos de *Castro v. Quiñones,* 29 D.P.R. 744, y *Montalvo v. Montalvo,* 25 D.P.R. 858.

*Debe confirmarse la sentencia apelada.*