CARIDAD LÓPEZ, demandante y apelante, *v.* BENIGNO RODRÍGUEZ PIETRI, demandado y apelado.

Núm. 9660.—*Sometido:* Abril 7, 1948. *Resuelto:* Mayo 17, 1948.

*Luis E. Dubón* y *Fernando Zapater,* abogados de la apelante; *Leopoldo Tormes García* y *Vicente Zayas Pizarro,* abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La Corte de Distrito de Ponce dictó sentencia por la que declaró sin lugar la demanda de filiación en este caso. La demandante nació en el año 1908 y basó su acción en el artículo 189 del Código Civil de 1902, incisos 2 y 3, vigente en dicha fecha, que disponía:

"Artículo 189.—El padre está obligado a reconocer al hijo ilegítimo en los casos siguientes:

"1. . . . . . . . .

"2. Cuando pública o privadamente le tenga por hijo suyo o le haya llamado tal en conversación o se ocupe de su educación y sostenimiento.

"3. Cuando la madre fué conocida viviendo en concubinato con el padre al tiempo del embarazo o nacimiento del hijo, o cuando éste haya nacido llevando sus padres relaciones amorosas."

Después de hacer un comprensivo análisis de la extensa prueba presentada por las partes, la corte inferior llegó a la conclusión de que la demandante no probó que su madre Felina López fuese conocida viviendo en concubinato con el demandado Benigno Rodríguez Pietri, o que éste haya tenido a la demandante, pública o privadamente, por hija suya ni la haya llamado tal en conversación ni se haya ocupado de su educación y sostenimiento.

En este recurso la demandante alega que la corte sentenciadora erró al apreciar la prueba en cuanto a las dos causales de filiación alegadas.

■■ Es éste uno de tantos casos en que la prueba es contradictoria y en el cual la corte a quo, al dirimir el conflicto, expresamente hace constar que no le ha merecido crédito la prueba de la demandante consistente en su propia declaración y en la de su madre, su padrastro y su hermana, mientras que sí le ha merecido crédito la del demandado, consistente, no sólo en su propia declaración, sino también en la de numerosos testigos del pueblo de Guayanilla, y en-

tre ellos algunos mencionados por la demandante en su declaración como que presenciaron actos de reconocimiento filial del demandado, hechos que ellos negaron.

Hemos leído detenidamente las trescientas ocho páginas de la transcripción de la evidencia y estamos convencidos de que la demandante no probó que su madre Felina López viviera en concubinato con el demandado, tal y como hemos dicho repetidas veces que es necesario que se pruebe dicho estado. *Bianchi* v. *Sucn. Bianchi*, 67 D.P.R. 594, y casos en él citados; *Vázquez* v. *De Jesús*, 65 D.P.R. 900; *Montañez* v. *Rodríguez*, 67 D.P.R. 214.(¹) Y en todos estos casos se tuvo en cuenta y se citó el de *Colón* v. *Sucn. A. J. Tristani*, 44 D.P.R. 171, que es en el que principalmente descansa la apelante para sostener su recurso.

El alcance del caso de *Colón* v. *Sucn. A. J. Tristani*, supra, en cuanto al concubinato, fué bien aclarado, en reconsideración del mismo caso, en 45 D.P.R. 227, 238-9, cuando se dijo: "No hemos equiparado las relaciones de un hombre con su querida al estado de concubinato." Dicho caso, al igual que el presente, se basó, no sólo en el concubinato, sino también en la posesión de estado de hijo natural. Entre aquél y éste, sin embargo existe una gran diferencia. Mientras en el de *Tristani* la corte inferior declaró probado que Josefa Colón era la querida de Tristani y que además éste realizó una serie de actos que, según esta Corte, equivalían a la posesión de estado, en el presente la corte inferior no dió crédito a la prueba de la demandante en cuanto al concubinato y tampoco en cuanto a la posesión de estado. No podemos, ni tenemos por qué, entrar a considerar y resolver las implicaciones que el caso de *Tristani* pueda tener con el presente y otros en los cuales la situación de hechos considerados probados por las cortes de distrito es distinta.

---

(¹)Si bien el alcance de estos dos últimos casos fué aclarado y limitado en el de *Pueblo* v. *Rodríguez*, 67 D.P.R. 735, 737, en relación con el derecho a alimentos una vez probada la paternidad, en ambos se ratificó la regla en cuanto a la prueba necesaria para establecer el concubinato.

Cada caso tiene que ser resuelto de acuerdo con hechos que estén justificados por la prueba creída por la corte.

 Salvo manifiesto error, pasión, prejuicio o parcialidad en la apreciación de la prueba, siempre nos inclinamos a respetar las conclusiones de hecho de las cortes de distrito, excepto en aquellos casos en que la prueba incontrovertida demuestra lo contrario y esto, desde luego, caería dentro del ámbito del manifiesto error. En casos como el presente hemos dicho que generalmente no revocaremos la conclusión de la corte sentenciadora. *Mercado* v. *Sucn. Mangual,* 35 D.P.R. 422; *Castro et al.* v. *Quiñones,* 29 D.P.R. 744; *Montalvo* v. *Montalvo et al.,* 25 D.P.R. 858.

No podemos convenir con la apelante en que la corte inferior estaba obligada a dar crédito a su prueba por el hecho de que existan contradicciones en las declaraciones de los testigos del demandado. Esas contradicciones existen tanto en la prueba del demandado, como en la de la apelante. Se trata de hechos ocurridos en el año 1907, en cuanto al alegado concubinato, y hasta el año 1927, en cuanto a los de posesión de estado. Raro es, en verdad, que ni en cuanto al primero ni en cuanto a los segundos, la apelante no pudiera presentar un solo testigo ajeno a su familia. Sin embargo, el demandado demostró, con prueba que mereció crédito a la corte, que la madre de la apelante no sólo llevó relaciones, sino que vivía con el padrastro de la apelante para la fecha en que ella nació, y que ya antes había tenido otra hija, Isabel, con otro hombre. En igual forma, la prueba de la apelante, en cuanto a los actos de reconocimiento del demandado en distintas ocasiones, tratándola como hija en público e interesándose en sus estudios, fué contradicha por la del demandado, y entre ellas, como hemos dicho, están las declaraciones de Carmen García y Rafael Dávila, mencionados por la demandante como conocedores de algunos de esos hechos, lo cual ellos negaron. Si a la corte inferior le hubiera merecido crédito la prueba de la apelante y hubiera

dictado sentencia a su favor, en igual forma estaríamos inclinados a respetar su apreciación de la prueba.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.