LUCÍA ORTIZ, menor representada por su madre con patria potestad, FELÍCITA AMARO ORTIZ, demandante y apelada, v. FRANCISCO MARTORELL, demandado y apelante.

Número 12162.

*Reasignado:* 12 de mayo de 1958. *Resuelto:* 27 de junio de 1958.

*Domínguez & Domínguez,* abogados del apelante; *Sergio Peña Clos,* abogado de la apelada.

*Per Curiam:* El Tribunal Superior dictó sentencia declarando con lugar la demanda de filiación y alimentos interpuesta por la menor Lucía Ortiz contra Francisco Martorell y condenando a éste al pago de las costas y $500 para honorarios de abogado, luego de formular las siguientes:

### "CONCLUSIONES DE HECHO

"1.—Que allá por los años 1934 y 1935 el demandado Francisco Martorell sostuvo relaciones sexuales en Maunabo con Felícita Ortiz, y que como consecuencia de dichas relaciones nació el 16 de marzo de 1935 Lucía Ortiz.

"2.—Que al tiempo de la concepción de la referida menor tanto la madre de la demandante Felícita Ortiz como el demandado Francisco Martorell, eran solteros y no tenían impedimento legal alguno para poder contraer matrimonio entre sí. Cuando la menor nació ya Francisco Martorell había contraído nupcias en 29 de diciembre de 1934 en Maunabo, Puerto Rico, con su actual esposa, Doña Herminia Cádiz.

"3.—Que Felícita Ortiz y el demandado no vivieron en público y ostensible concubinato, aunque sí sostuvieron relaciones maritales durante el período ya antes especificado. La propia madre de Lucía Ortiz, doña Felícita Ortiz, declara que el demandado iba de noche a visitarla pero por regla general él dormía en la casa de sus padres donde siguió llevando su vida familiar.

"4.—Que el demandado contrató y pagó a la comadrona María Inés Laboy en la población de Maunabo, Puerto Rico, para que ésta atendiera a Felícita Ortiz cuando fué a nacer Lucía Ortiz, la aquí demandante.

"5.—Que el análisis de clasificación de la muestra de sangre (Examen Sero Hematológico para Investigar Paternidad) de la demandante, Lucía Ortiz, de Felícita Ortiz, madre de la aquí demandante y de Francisco Martorell, que se practicó a petición del demandado, clasifica a Lucía dentro de los hijos posibles de la combinación marital Martorell–Ortiz.

"6.—Que el demandado ha tenido a Lucía Ortiz en público y en privado como su hija natural por actos públicos y notorios de éste, dispensándole el trato, cariño y consideración de hija, al extremo de que la llevaba al negocio que dicho demandado posee en Maunabo para que ayudara en el mismo, donde la trataba como hija suya.

"7.—Encontrándose el demandado en un viaje de placer en los Estados Unidos enviaba tarjetas postales a la menor Lucy Ortiz comenzando el saludo de la misma con la frase 'Mi querida Lucy'.

"8.—Que Francisco Martorell ha atendido a las necesidades y a los alimentos de Lucía Ortiz aunque no en la medida que sus condiciones económicas se lo permiten siendo dueño de distintas propiedades y agricultor próspero.

"Es bueno hacer constar aquí el gran parecido físico entre el demandado y la menor demandante, especialmente en las facciones de ambos. Véase *Montañez* v. *Rodríguez,* 67 D.P.R. 214, página 216."

En apelación se señala como primer error el cometido por el tribunal sentenciador al resolver que allá para los años 1934 y 1935 el demandado Francisco Martorell sostuvo relaciones sexuales en Maunabo con Felícita Ortiz, y que como consecuencia de dichas relaciones nació Lucía Ortiz el 16 de marzo de 1935.

El error no fué cometido. El testimonio de la madre de la menor demandante establece los hechos necesarios para sostener la conclusión impugnada y dicho testimonio no es de tal forma inverosímil para que revoquemos la apreciación que del mismo hizo el juez sentenciador, quien estuvo en mejores condiciones que nosotros para juzgar su credibilidad. *Wolff* v. *Hernández,* 76 D.P.R. 650; *Ramos* v. *Rosario,* 67 D.P.R. 683; *Rivera* v. *Casiano,* 68 D.P.R. 190, 198; *Latorre* v. *Cruz,* 67 D.P.R. 743, 752; *Jiménez* v. *Fletcher,* 67 D.P.R. 165, 168; *Torres* v. *Perea,* 66 D.P.R. 171, 175; Regla 52 (*a*) de las de Enjuiciamiento Civil. No estamos convencidos de que en la apreciación de la prueba el juzgador haya cometido un manifiesto error, *Cf. United States* v. *U. S. Gypsum Co.,* 333 U. S. 364, 68 S. Ct. 525, y por lo tanto, en apelación no alteraremos sus conclusiones. *Palmer* v. *Barreras,* 73 D.P.R. 278; *Sierra* v. *Morales,* 72 D.P.R. 693; *Varela* v. *Fuentes,* 70 D.P.R. 879; *López* v. *Rodríguez,* 68 D.P.R. 756.

Por el segundo error se ataca la conclusión de que el demandado contrató y pagó a la comadrona María Inés

Laboy en la población de Maunabo, Puerto Rico, para que ésta atendiera a Felícita Ortiz cuando fué a nacer Lucía Ortiz, la aquí demandante.

Arguye el apelante que (1) esa conclusión no está sostenida por la prueba, (2) no debe dársele crédito a la declaración de la comadrona porque está contradicha por otra prueba documental, y (3) dicha prueba, aun siendo creída, no entraña acto alguno de reconocimiento. Discrepamos. Hubo prueba suficiente para sostener la conclusión impugnada. El hecho de que exista otra prueba que en parte contradiga el testimonio de la comadrona, no basta para imputarle al juez sentenciador manifiesto error en la apreciación de la prueba. *Rundlee* v. *Fraticelli*, 60 D.P.R. 255. Esas discrepancias afectan el valor probatorio de la prueba pero no son motivo para rechazar su testimonio. *Deliz* v. *Deliz*, 40 D.P.R. 77. Aunque de acuerdo con la ley si un testigo hubiere faltado a la verdad en una parte de su declaración, las otras deberán ponerse en duda, ello no significa que imperativamente tenga que rechazarse dichas otras partes. *Pueblo* v. *Nieves*, 57 D.P.R. 784; *Pueblo* v. *Soto*, 73 D.P.R. 55, 81; *People* v. *Sprague*, 53 Cal. 491, 494. Aquí no impera la máxima *"falsus in uno, falsus in omnibus"*. El principio que aquí prevalece no va más allá de declarar que el tribunal *puede*, y no que *debe*, desestimar el testimonio. *Pueblo* v. *Ortiz*, 45 D.P.R. 835; *Quintana Reyes* v. *Capital de Puerto Rico*, 51 D.P.R. 106, 111; 3 Wigmore *on Evidence*, 1008, 1013 y 1014.

Finalmente diremos que si bien el requerimiento y pago de los servicios de la comadrona por si sólo no establece la filiación, unidos a otros hechos tienen valor probatorio y pertinencia a la acción ejercitada. *Mártir* v. *Hernández*, 73 D.P.R. 132; *Colón* v. *Sucn. Tristani*, 44 D.P.R. 171; *Alicea* v. *Antuñano*, 50 D.P.R. 923, 932; *Delannoy* v. *Sucn. Cividanes*, 53 D.P.R. 115. El segundo error, por tanto, tampoco fué cometido.

■ Por el tercer señalamiento se alega que fué error tomar en consideración el resultado del "Examen Sero Hema-

tológico para Investigar la Paternidad" que clasifica a la menor demandante dentro de los hijos posibles de la combinación marital Martorell–Ortiz.

Admitiendo que el referido examen no fué presentado como prueba y que de haberlo sido, no hubiera constituído prueba afirmativa de la paternidad, *"Blood Grouping Test"*, Anotación en 46 A.L.R.2d, 1000; *Díaz* v. *Hernández,* 75 D.P.R. 514, 521; *United States* v. *Shaughnessy,* 220 F.2d 537; Ross, *The Value of Blood Tests as Evidence in Paternity Cases,* 71 Harv. L. Rev. 466, el error no fué perjudicial ni debe motivar la revocación de la sentencia pues "el juez sentenciador tuvo ante si prueba suficiente, independientemente de la prueba sobre los tipos de sangre, para establecer el hecho de la paternidad". *Díaz* v. *Hernández,* supra.

■ El quinto error carece de mérito. La declaración de la demandante explicando en detalle los actos de reconocimiento que para con ella realizaron el demandado Martorell y sus familiares, era admisible en evidencia y no constituía, como alega el apelante, declaraciones en beneficio propio (*self-serving declaration*). Véase McCormick *on Evidence,* (Ed. 1954) págs. 588–9. El apelante cita los casos de *Salas* v. *Doe,* 75 D.P.R. 571 y *Vargas* v. *Jusino,* 71 D.P.R. 389, donde se establece la regla de que la posesión de estado a que se refiere el art. 125 del Código Civil (31 L.P.R.A. sec. 504 (2) ) consiste en el concepto público en que ha sido tenido el hijo en relación a su padre natural, cuando este concepto se forma por actos directos del mismo padre o de su familia, demostrativos de un verdadero reconocimiento voluntario. Empero la regla no significa que sea inadmisible el testimonio del hijo sobre los actos de reconocimiento realizados por el padre y sus familiares hacia el hijo. O sea, son éstos los actos que deben probarse mediante el testimonio de cualquier testigo hábil, incluyendo al propio hijo, y con cualquier otra prueba admisible, y no los actos que el hijo realice hacia el padre y su familia.

■■ La médula del quinto señalamiento es que el tribunal a quo cometió error (1) al encontrar probada la paternidad, y (2) al estimar probada la posesión continua de estado de hija natural. Para establecer la paternidad de la hija reclamante bastaba el testimonio de su señora madre. *Sánchez* v. *Díaz*, 78 D.P.R 811, 813; *Pueblo* v. *Cáceres*, 65 D.P.R. 368 y *Pueblo* v. *De Jesús*, 57 D.P.R. 708. Y en cuanto a la prueba sobre posesión continua de estado de hija natural, la presentada por la demandante era suficiente, ya bajo la doctrina de la prueba robusta y convincente—*Santiago* v. *Martínez*, 72 D.P.R. 934; *Vargas* v. *Jusino*, 71 D.P.R. 389; *Ortiz* v. *Dragoni*, 59 D.P.R. 14; *Torres* v. *Sucn. Caballero*, 39 D.P.R. 724 y *Méndez* v. *Martínez*, 21 D.P.R. 252—o ya bajo la doctrina de la preponderancia de la evidencia, *Sánchez* v. *Díaz*, 78 D.P.R. 811 y *Figueroa* v. *Díaz*, 75 D.P.R. 163, 193–4. Aquí hubo prueba de que el demandado Martorell sostuvo relaciones sexuales con Felícita Amaro Ortiz, desde marzo de 1934 hasta los primeros meses del año 1935; que con motivo de esas relaciones Felícita quedó encinta y dió a a luz en marzo 16 de 1935, una niña, quien es la demandante; que Martorell obtuvo y pagó los servicios de la comadrona que atendió a Felícita en ese parto; que Martorell daba a Felícita tres o cuatro dólares semanales pero que después de nacer Lucy le daba "cuatro o cinco dólares y dinero para la leche y todo lo que ella necesitaba, hasta hace seis meses atrás"; que Martorell daba ropa y zapatos a Lucy y además dinero en efectivo mientras ella estudiaba; que cuando Lucy estudió en la Universidad, Martorell le daba ropa y zapatos y además le pagaba $30 de hospedaje. Hubo prueba además en el sentido de que Martorell trataba a Lucy con la simpatía y el cariño de un padre. La llevaba al cine, a los juegos de pelota, a pasear con su esposa y una vez la tuvo trabajando en su tienda; que la madre de Martorell trataba a Lucy como nieta y los demás familiares de Martorell la trataban como familia; que Lucy iba casi todos los días a ver a la madre de Martorell y a otros familiares de éste; que cuando el padre de

Martorell falleció, éste le hizo guardar a Lucy seis meses de luto; que Martorell acariciaba y besaba a Lucy, se la presentaba a sus familiares y en la casa de éstos le ponían juguetes los Reyes.

Opinamos que la prueba es suficiente para establecer la filiación de la demandante como hija natural reconocida del demandado.   Véanse *Salas* v. *Doe*, 75 D.P.R. 571; *Mártir* v. *Hernández*, 73 D.P.R. 132; *Santiago* v. *Martínez*, 72 D.P.R. 934; *Bianchi* v. *Sucn. Bianchi*, 67 D.P.R. 594; *Cruz* v. *Carrasquillo*, 61 D.P.R. 435; *Colón* v. *Sucn. Tristani*, 44 D.P.R. 171; *Bernier* v. *Sucn. Honoré*, 39 D.P.R. 192; *Torres* v. *Sucn. Caballero*, 39 D.P.R. 724; *Montañez* v. *Sucn. García*, 36 D.P.R. 223; *Guadalupe* v. *González*, 34 D.P.R. 669; *Cruz* v. *Santiago*, 24 D.P.R. 108; *Jesús* v. *Sucn. Villamil*, 19 D.P.R. 893; *Charres* v. *Arroyo*, 16 D.P.R. 816; *Desmornes* v. *Herederos Desconocidos de A. Desmornes*, 13 D.P.R. 18.   Compárese con *Sánchez* v. *Díaz*, supra; *Vargas* v. *Jusino*, supra; *Ortiz* v. *Dragoni*, supra; *Gerena* v. *Suau*, 36 D.P.R. 170; *Serrano* v. *Olivero*, 31 D.P.R. 83; *Morales* v. *Sucn. Cerame*, 30 D.P.R. 843; *Méndez* v. *Martínez*, 21 D.P.R. 252 y *Montalvo* v. *Montalvo, et al.*, 25 D.P.R. 859.

El sexto error es frívolo.   En la primera parte de ese error el apelante se queja de que el juez concluyó que mientras Martorell se encontraba en un viaje de placer por los Estados Unidos *enviaba tarjetas* a Lucy cuando en realidad le envió una solamente.   Lo cierto es que Martorell admitió haber enviado a Lucy una tarjeta que decía: "Querida Lucy: Te saludamos y recordamos mucho en todo el camino. Nos hemos encontrado con mchas. que hablan como tú. Mucho.   Paco y de Bori."   ("Paco" es el apodo de Martorell y "Bori" el de su esposa.)   No constituyó error considerar ese hecho, aunque se tratara de una sola tarjeta, como un eslabón más en la cadena de prueba de la demandante.   En la segunda parte de ese error se queja el apelante de que en sus conclusiones el juez hizo constar el gran parecido físico que existía entre el demandado y la menor demandante, especial-

mente en las facciones de ambos. Durante el juicio, el abogado de la demandante solicitó del juez que tomara en consideración, precisamente lo que éste consignó en sus conclusiones, en cuanto al parecido físico de los litigantes. No hubo error en ello. *Pabón* v. *Morales,* 79 D.P.R. 154, 156; *Santiago* v. *Martínez,* 72 D.P.R. 934, 936; *Mártir* v. *Hernández,* supra, pág. 134; y *Montañez* v. *Rodríguez,* 67 D.P.R. 214, 216.

Por el último error se ataca la condena en honorarios de abogado. No fué cometido. Martorell fué temerario y así lo entendió el juez sentenciador al condenarle a su pago. Una vez resuelto que un litigante perdidoso ha sido temerario, la imposición de honorarios de abogados es imperativa. *Castro* v. *Payco, Inc.,* 75 D.P.R. 63, 75. Tampoco intervendremos en este caso con la discreción del juez sentenciador al fijar la cuantía de dichos honorarios.

*Por las razones expuestas, la sentencia apelada será confirmada.*