JUAN MONTAÑEZ CRUZ ET AL., demandantes y recurrentes, *v.* METROPOLITAN CONSTRUCTION CORP. y AMERICAN SURETY CO. OF N. Y., demandados y recurridos; AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO, tercera recurrida—FRANCISCO RIVERA TOLEDO ET AL., demandantes y recurrentes, *v.* METROPOLITAN CONSTRUCTION CORP., y AMERICAN SURETY CO. OF N. Y., demandados y recurridos; AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO, tercera demandada recurrida.

*Número:* 376    *Resuelto:* 28 de diciembre de 1962

---

*E. Rodríguez Colón,* abogado de los recurrentes; *L. E. Dubón, Luis E. Dubón, Jr., A. Torres Braschi* y *R. Luis Sánchez,* abogados de la recurrida; *Ramón Gandía Vizconde, Félix Bello, Ángel C. Calderón* y *Aura Lydia Rivas,* abogados de la Autoridad de Acueductos y Alcantarillados de Puerto Rico.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: Más de dos años estuvieron los demandantes en los dos casos de epígrafe litigando su reclamación de daños contra los demandados. Éstos negaron siempre toda responsabilidad por los daños reclamados. Finalmente el tribunal de instancia dictó sentencia a favor de dichos demandantes condenando a los demandados a pagarles solidariamente varias sumas de dinero, más las costas pero sin pronunciamiento alguno en cuanto a los honorarios de abogado. Resolvimos revisar este aspecto de la sentencia a solicitud de los demandantes.

La condena en honorarios de abogado es imperativa cuando el tribunal sentenciador concluye que una parte ha sido temeraria. *Ortiz* v. *Martorell,* 80 D.P.R. 544. En au-

sencia de una conclusión expresa a esos efectos, un pronunciamiento en la sentencia condenando al pago de honorarios de abogado, implica que el tribunal sentenciador consideró temeraria a la parte así condenada. *Castro* v. *Payco, Inc.*, 75 D.P.R. 63; *Ortiz* v. *Martorell*, supra. *A contrario sensu*, la ausencia de dicho pronunciamiento se presume que el tribunal consideró que la parte perdidosa no fue temeraria. ■

La determinación de si un litigante ha procedido con temeridad descansa en la sana discreción del tribunal sentenciador. Cf. *Font* v. *Pastrana*, 73 D.P.R. 247. No revisaremos esa determinación a menos que los autos demuestren que se ha cometido un abuso de discreción. ■

Un examen de los autos en estos casos demuestra que los demandados fueron temerarios y que el tribunal de instancia incurrió en error al no condenarlos al pago de honorarios de abogado. La demandada recurrida así lo admite en su alegato. El hecho de que ella se viera obligada a demandar a una tercera persona que luego resultó también ser solidariamente responsable de los daños, no destruye su manifiesta temeridad en el litigio. Igualmente fue temeraria la tercera demandada al negar responsabiliad y defenderse en la acción.(¹) La rebaja en la cuantía de la indemnización concedida no implica de por sí solo, la falta de temeridad de los demandados.(²)

*La sentencia del Tribunal Superior será modificada y se condenará a los demandados y a la tercera demandada a pagar solidariamente a los demandantes en concepto de honorarios de abogado, la suma de $500 en cada caso, o sea, un total de $1,000, y así modificada, será confirmada.*

---

(¹) Véase *Santana* v. *Prensa Insular, Inc.*, 68 D.P.R. 29; *Roses* v. *Juliá*, 67 D.P.R. 518.

(²) *Acha* v. *Nevárez*, 59 D.P.R. 235; *Mercado* v. *American Railroad Co.*, 61 D.P.R. 228.