Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| FÉLIX HERNÁNDEZ NÚÑEZ Y OTROS<br><br>Recurrentes<br><br>Vs.<br><br>MECH TECH COLLEGE Y OTROS<br><br>Recurrido | KLAN202400947 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.: EPE2013-0111 (701)<br><br>Sobre: Despido Injustificado y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Bonilla Ortiz y la Jueza Prats Palerm.[1]

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de julio de 2025.

Comparecen el señor Félix Hernández Núñez, *et. als.*, (en adelante, "señores Hernández" o "querellantes-apelantes")[2] y nos solicitan que revoquemos la *Sentencia* emitida el 22 de agosto de 2024 por el Tribunal de Primera Instancia, sala Superior de Caguas (en adelante, "TPI" o "foro de instancia").[3] Mediante esta el TPI declaró *No Ha Lugar* la *Querella* instada por los señores Hernández en contra de Mech Tech College (en adelante, "Mech Tech"), su propietario, el señor Edwin Colón Cosme (en adelante, "señor Colón Cosme") y otros (en conjunto, "querellados-apelados").[4]

---

[1] Panel especial conforme a la OATA-2025-019 emitida el 10 de febrero de 2025, que designa a la Hon. Annette M. Prats Palerm en sustitución de la Hon. Camille Rivera Pérez.

[2] En la *Querella* figuran como querellantes la esposa del señor Félix Hernández Núñez, señora Arleen Gutiérrez Sáez, la Sociedad Legal de Gananciales compuesta por ambos, el señor Samuel Hernández Núñez, su pareja consensual la señora Sharon Pedraza, el señor Abimael Hernández Vázquez y el señor Juan Hernández (en conjunto, "señores Hernández" o "querellantes-apelantes").

[3] Apéndice del recurrido, págs. 507-558. Notificada el 20 de septiembre de 2024.

[4] En la Querella figuran como querellados la esposa del señor Colón Cosme, la señora María de los Ángeles Vázquez y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "querellados-apelados").

Número Identificador
SEN2025_____

Luego de examinar el recurso, resolvemos **confirmar** la sentencia recurrida.  Veamos los fundamentos.

**-I-**

El presente caso se inició el **6 de junio de 2013**, ocasión en que el señor Félix Hernández, el señor Samuel Hernández, el señor Abimael Hernández, el señor Juan Hernández, y otros, presentaron una *Querella* en contra de Mech Tech, el señor Colón Cosme y otros.[5] En síntesis, reclamaron que fueron despedidos injustificadamente, a modo de represalia, por haber solicitado se les pagara lo adeudado en concepto de salarios y licencias. Además, el señor Félix Hernández reclamó que el señor Colón Cosme le confiscó y privó de dos motoras Benton 200 del 2012 y una Corvette Chevrolet del 1982. En vista de lo anterior, solicitaron, entre otros, que se les restituyera en el empleo y se les pagara lo adeudado.

En respuesta a lo anterior, el **21 de junio de 2013** Mech Tech sometió la *Contestación a querella.*[6] En esencia, señaló que no procedían los remedios solicitados, pues contrario a lo alegado por los querellantes-apelantes, estos no eran empleados, sino que fueron contratados para fungir como contratistas independientes. Con relación a los vehículos de motor (dos motoras y un Corvette), Mech Tech argumentó que los mismos eran de su propiedad y que el señor Félix Hernández estaba autorizado a utilizarlo como mecanismo de promoción. Por lo cual, solicitó la desestimación de la querella.

Luego de varios trámites procesales, el **26 de marzo de 2018** el TPI emitió una *Sentencia Parcial* mediante la cual desestimó la querella incoada por los señores Hernández.[7] En desacuerdo, el **27**

---

[5] Apéndice del recurrente, Anejo I, págs. 1-16.
[6] Apéndice del recurrente, Anejo I, págs. 17-43.
[7] Notificada el 28 de marzo de 2018.

**de abril de 2018** estos presentaron un recurso de *Apelación* ante este Tribunal de Apelaciones.

Así pues, con el beneficio de la comparecencia de Mech Tech, el **26 de julio de 2018**,[8] este Tribunal de Apelaciones emitió una *Sentencia* mediante la cual revocó la *Sentencia Parcial* dictada por el TPI. En esta determinó que los siguientes hechos estaban en controversia:

1. *El control de Mech Tech sobre el desempeño de los querellantes en cuanto a las decisiones sobre la dirección del negocio, viajes y coordinación de eventos promocionales.*

2. *Si el hecho de que Mech Tech les entregara la "Declaración Informativa sobre Ingresos sujetos a retención", conocida como Formulario 480, y le hiciera las retenciones del 7% a los querellantes, los hacía contratistas independientes o si se trataba de una estrategia de negocios para evadir las obligaciones legales de seguro social y otros beneficios.*

3. *Si los querellantes prueban ser empleados de Mech Tech, se debe determinar si: (1) fueron despedidos por justa causa y, (2) si medio discrimen por razón de edad.*

Asimismo, determinó que los siguientes hechos no estaban en controversia:

1. *Los querellantes brindaron servicios de promoción a Mech Tech ininterrumpidamente hasta el 2013.*

2. *Los querellantes cobraban un sueldo fijo mensual.*

3. *Mech Tech solo les hizo retenciones del 7% a los querellantes. Los querellantes nunca recibieron retenciones adicionales, en concepto de retribuciones sobre ingreso o seguro social.*

4. *Mech Tech entregó a los querellantes anualmente la "Declaración Informativa sobre Ingresos sujetos a retención", conocida como Formulario 480.*

5. *Como parte de sus funciones, los querellantes gestionaban los leads para allegar estudiantes nuevos a la institución.*

6. *Mech Tech asumía gastos de pasajes, transportación, alojamiento y estipendio por concepto de dietas para los viajes fuera de Puerto Rico.*

7. *Todo el material que utilizaban los querellantes como herramientas, vehículos, uniformes eran provistos por Mech Tech.*

8. *Llevaban a cabo las labores del calendario sugerido por el Departamento de Admisiones de Mech Tech.*

---

[8] Notificada al día siguiente.

9. *Los querellantes no incurrían en ganancia o pérdidas, pues el equipo y material de promociones era provisto por Mech Tech.*

10. *Las cuatro personas por las que, presuntamente, los querellantes fueron reemplazados son maestros u oficiales de Mech Tech y trabajaban para marzo del 2013 mientras los Querellantes prestaban sus servicios.*

11. *Al prescindir de los servicios de los querellantes, las labores de promoción de Mech Tech fueron distribuidas a la Directora de Admisiones, Rocío Rosario, y se nombró a Loise Ortiz Serano como coordinadora de Promociones.*

12. *Ningún empleado, funcionario o representante de Mech Tech ha hecho comentarios discriminatorios sobre los Querellantes.*

13. *Durante los años de servicio, ningún Querellante hizo declaraciones sobre horas extras, periodo de tomar alimentos o licencias adeudadas y no pagadas.*

14. *Los Querellantes no fueron a un tribunal, agencia gubernamental o a la Legislatura a presentar una reclamación de naturaleza alguna. Tampoco testificaron o sometieron información alguna sobre la empresa o sus funcionarios.*

En vista de ello, el Tribunal de Apelaciones determinó que, dada la existencia de controversias de hechos, no procedía se dictara sentencia sumaria. Por lo cual, ordenó la devolución del caso al foro de instancia para la celebración de una vista en sus méritos.[9]

Tras varias incidencias procesales, el **13 de septiembre de 2021** dio inicio el juicio en su fondo y se extendió hasta el 14 de octubre de 2023. La prueba testimonial de los querellantes-apelantes consistió en los siguientes testigos: Sr. Samuel Hernández, Sr. Abimael Hernández, Sr. Juan Hernández y Sr. Félix Hernández. Entretanto, Mech Tech radicó una *Petición de Certiorari* ante este Tribunal de Apelaciones. En síntesis, adujo que el TPI erró al emitir la *Resolución* del 3 de marzo de 2022, en la que cualificó al Sr. Ronaldo Sanabria (en adelante, "señor Sanabria") como perito y al admitir en evidencia los documentos suscritos por este. En oposición al *certiorari,* los señores Hernández solicitaron se sostuviera la determinación del TPI.

---

[9] Véase, KLAN201800446.

Luego de evaluar los planteamientos de ambas partes, el **26 de mayo de 2022**,[10] este Tribunal de Apelaciones emitió una *Sentencia* en la cual revocó la *Resolución* emitida por el TPI el 3 de marzo de 2022.[11] Ello por entender que el señor Ronaldo Sanabria no cumplía con los requisitos para fungir como perito. Por tanto, ordenó la exclusión de la deposición tomada a este, así como de las cartas consultivas que preparó. También, este Tribunal de Apelaciones expresó que, dado al conocimiento suficiente y necesario sobre las normas prevalecientes en nuestro ordenamiento jurídico, le correspondía al foro de instancia hacer las determinaciones en cuanto a: (1) si los señores Hernández eran contratistas independientes; (2) las horas trabajadas y la paga o salario correspondiente; y (3) los beneficios que les correspondían. De modo que, al así hacerlo, se pudiese concluir si los señores Hernández tenían derecho a los salarios y beneficios reclamados.

De otra parte, por los querellados-apelados testificaron: Lcdo. Armando del Valle, Sra. Rocío Rosario, Sra. Awilda Gómez, Sra. Carmen T. Vázquez, Sra. Aida Ramos, Sr. Edwin Colón y la Sra. Yadexy Sierra. También, se presentó al Winnie Irizarry como testigo de impugnación.

Durante el transcurso de los procesos, el **7 de diciembre de 2022** el TPI dictó *Sentencia Parcial*,[12] y desestimó las reclamaciones de discrimen por razón de edad de los querellantes-apelantes, así como las reclamaciones de daños de las coquerellantes —la señora Gutiérrez y la señora Pedraza—.[13] Además, desestimó las reclamaciones de índole laboral en contra de los coquerellados-apelados —el señor Colón Cosme y la señora Vázquez—.

---

[10] Apéndice del recurrido, a las págs. 167-191. Notificada al día siguiente.
[11] Véase, KLAN202200263.
[12] Notificada el 13 de diciembre de 2022.
[13] Apéndice del recurrido, a las págs. 208-212.

Transcurridos los procesos de juicio,[14] el **4 de abril de 2024** el TPI emitió una *Orden* en la cual le concedió a las partes un término para que presentaran sus respectivos memorandos de derecho. Los querellados-apelados cumplieron con lo ordenado; sin embargo, los querellantes-apelantes no lo hicieron.[15]

El **22 de agosto de 2024**,[16] el TPI emitió la *Sentencia* apelada con 303 determinaciones de hechos que culminaron con un *No Ha Lugar* la *Querella* de referencia. En lo que respecta a la controversia sobre si los señores Hernández eran empleados de Mech Tech o contratistas independientes, determinó que, tal como se desprendía de la evidencia —incluidas las planillas contributivas radicadas—, los señores Hernández fungieron y se comportaron como contratistas independientes. Ello pues, entre otros factores, tenían plena libertad en el ejercicio de las tareas para las cuales fueron contratados, e incluso, determinaban su horario y días de trabajo.

En cuanto a la controversia sobre la titularidad de los vehículos de motor, el TPI determinó que las dos motoras y la Corvette le pertenecían al señor Colón Cosme, por lo que, ordenó al Departamento de Trasportación y Obras Públicas a inscribirlos a nombre de este. Lo anterior, dado que, el foro de instancia le dio credibilidad al testimonio del señor Colón Cosme con respecto a que este le ordenó al señor Félix Hernández comprar las motoras de referencia; y porque en el caso de la Corvette se rebatió la presunción de corrección del certificado de título expedido por el Departamento de Transportación de Obras Públicas.

---

[14] Cabe señalar que el juez que presidió el juicio, Hon. Benicio Sánchez la Costa, se acogió al retiro y fue sustituido por la Hon. Evyanne Mártir Hernández, quien suscribió la sentencia.

[15] Apéndice del recurrido, a la pág. 513.

[16] Apéndice del recurrido, a las págs. 507-558. Notificada el 20 de septiembre de 2024.

Por último, el TPI impuso a los querellantes-apelantes el pago de $15,000.00 por concepto de honorarios de abogado a favor de los querellados-apelados.

Hacemos constar que en su *Sentencia* el foro de instancia hizo hincapié en que, el 21 de mayo de 2024 Mech Tech sometió su memorando de derecho,[17] más enfatizó que no recibió memorando alguno por parte de los señores Hernández. Sin embargo, estos alegaron ante nos que el 24 de mayo de 2021 presentaron su memorando de derecho.[18]

Inconformes, el **21 de octubre de 2024** los señores Hernández incoaron una *Apelación* ante este Tribunal de Apelaciones. Señalaron los siguientes errores:

> **PRIMER ERROR:** *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL OBVIAR Y DESATENDER EL MANDATO DEL TRIBUNAL DE APELACIONES AL REEXAMINAR HECHOS MATERIALES NO CONTROVERTIDOS Y DESVIARSE DE LAS CONTROVERSIAS PENDIENTES SEGÚN DICHO MANDATO VIOLENTANDO LA DOCTRINA SOBRE LA LEY DEL CASO.*
>
> **SEGUNDO ERROR:** *ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO TOMAR EN CONSIDERACIÓN EL MEMORANDO DE DERECHO SOMETIDO POR LOS CO-QUERELLANTES.*
>
> **TERCER ERROR:** *ERRÓ EL HONORABLE TPI AL HABER EMITIDO SENTENCIA IMPONIENDO HONORARIOS DE ABOGADO POR TEMERIDAD, CUANDO NO SE DEMOSTRÓ TEMERIDAD EN ALGUNA ETAPA DEL PROCESO.*
>
> **CUARTO ERROR:** *ERRÓ EL HONORABLE TPI AL HABER EMITIDO SENTENCIA SOBRE LOS BIENES MUEBLES OBJETO DE CONTROVERSIA A FAVOR DEL CODEMANDADO EDWIN COLÓN COSME POR ERROR MANIFIESTO AL MOMENTO DE EVALUAR UN CASO PRIMA FACIE, SIN HABER SIDO EL JUEZ QUE PRESIDIÓ EL JUICIO EN SU TOTALIDAD Y, POR CUANTO, NO HABER ESCUCHADO LA PRUEBA TESTIFICAL EN SU TOTALIDAD.*

En vista de ello, solicitaron que se revocara la sentencia apelada, así como que se le ordenara al señor Colón Cosme a entregar los vehículos, y/o se les resarciera por los daños y perjuicios ocasionados. En su alternativa, solicitaron se celebrara un nuevo juicio.

---

[17] Apéndice del recurrido, a las págs. 270-506.
[18] Apéndice del recurrente, Anejo V, a las págs. 62-102.

Por su parte, el **21 de noviembre de 2024**, Mech Tech presentó un *Alegado de la parte apelada.* En este solicitó la desestimación del recurso de autos, y la confirmación de la *Sentencia apelada.*

**-II-**

**-A-**

Estamos consciente que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[19]

En cuanto a la discreción de los tribunales, el Tribunal Supremo de P.R. ha expresado lo siguiente:

> *No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último **(1)** actuó con prejuicio o parcialidad, **(2)** incurrió en un craso abuso de discreción, o **(3)** se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[20]*

Lo importante al momento de ejercer la función revisora es determinar cuándo un tribunal ha abusado de su discreción, ello, no constituye una tarea fácil.[21]

Por lo tanto, para realizarla adecuadamente el Tribunal Supremo de P.R. nos ha indicado que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad.[22]

**-B-**

Por otra parte, en lo que respecta a la concesión de honorarios de abogado, el inciso (d) de la Regla 44.1 de Procedimiento Civil, provee para ello.[23] En lo pertinente, dicha disposición estatuye que:

> *En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma*

---

[19] *Coop. Seguros Múltiples de PR v. Lugo*, 136 DPR 203, 208 (1994).
[20] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[21] *Íd.*
[22] *Íd.*
[23] Regla 44.1 de Procedimiento Civil 2009, 32 LPRA Ap. V, R. 44.1.

*por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. [...].*[24]

Los honorarios por temeridad se imponen como *"[p]enalidad a un litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajos e inconveniencias de un pleito".*[25] Por ello, los honorarios por temeridad buscan *"[d]isuadir la litigación innecesaria y alentar las transacciones, mediante la imposición de sanciones a la parte temeraria, que compensen los perjuicios económicos y las molestias sufridas por la otra parte".*[26]

El Tribunal Supremo de P.R. ha dispuesto que *"[l]a temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia".*[27] Al determinar si se ha obrado o no temerariamente, se considera *"la claridad del derecho aplicable y de los hechos demostrablemente ciertos".*[28] Adviértase que la imposición de honorarios por temeridad descansa en la sana discreción de los tribunales.[29] Por tanto, una vez un tribunal de primera instancia determina que hubo temeridad, la imposición de honorarios es mandatoria.[30]

Así pues, ha resuelto por el Tribunal Supremo de P.R. que la imposición de honorarios por temeridad, así como la cuantía, son asuntos discrecionales del Tribunal de Primera Instancia, que deberá guiarse por los siguientes factores: *"(1) el grado de temeridad; (2) el trabajo realizado; (3) la duración y naturaleza del litigio; (4) la cuantía involucrada; (5) y el nivel profesional de los abogados".*[31] Al

---

[24] 32 LPRA Ap. V, R. 44.1(d).
[25] *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010).
[26] *Torres Ortiz v. ELA*, 136 DPR 556, 565 (1994).
[27] *Jarra Corp. v. Axxis Corp.*, 155 DPR 764, 779 (2001).
[28] R. Hernández Colón, *Práctica Jurídica de Puerto Rico – Derecho Procesal Civil*, 5ª ed., LexisNexis, 2010, pág. 391.
[29] *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 211–212 (2013); *Torres Montalvo v. García Padilla*, 194 DPR 760, 778–779 (2016).
[30] *Íd.*
[31] *COPR v. SPU*, 181 DPR 299, 342-343 (2011), citando a Hernández Colón, *op. cit.*, pág. 391.

hacer tal determinación, el foro sentenciador puede declarar expresamente que la parte perdidosa fue temeraria e imponerle la cuantía de honorarios de abogado que entienda procedente o simplemente puede imponérselos en la parte dispositiva del dictamen, lo que implica que entendió que fue temeraria en la litigación.[32]

En fin, la imposición de honorarios de abogado por temeridad es una facultad discrecional del tribunal que no será variada a menos que la misma constituya un abuso de discreción, o cuando la cuantía sea excesiva o exigua.[33]

**-III-**

A la luz de la normativa antes expuesta, procederemos a evaluar los errores señalados en el recurso ante nuestra consideración.

**En primer lugar**, los querellantes-apelantes aducen que el TPI erró al desatender el mandato de este Tribunal de Apelaciones al reexaminar hechos materiales no controvertidos y desviarse de las controversias pendientes, violentando la ley del caso. No tienen razón. Luego de una rigurosa evaluación del expediente, nos percatamos que el foro de instancia resolvió todas las controversias planteadas en este caso. Por lo cual, ante la ausencia de pasión, prejuicio, parcialidad o error manifiesto, nos abstenemos de intervenir con la determinación de instancia.

**En segundo lugar**, evaluamos el planteamiento de los querellantes-apelantes en cuanto a que el TPI no tomó en consideración el memorando de derecho que les fue sometido. No tienen razón. De un minucioso examen del expediente, concluimos que los querellantes-apelantes no sustentaron su postura en cuanto

---

[32] *Rivera v. Tiendas Pitusa, Inc.*, 148 DPR 695, 702 (1999), citando a *Montañez Cruz v. Metropolitana Cons. Corp.*, 87 DPR 38 (1962).
[33] *Monteagudo Pérez v. ELA*, 172 DPR 12, 31 (2007).

a que el memorando de derecho cambiaría o afectaría en algo la decisión del foro de instancia. Si bien los querellantes-apelantes señalaron que sometieron el memorando de derecho en tiempo, no presentaron evidencia que nos condujera a revocar al TPI.

**En tercer lugar**, atendemos el señalamiento de los querellantes-apelantes en lo relativo a la imposición de honorarios de abogado por temeridad. No les asiste la razón. Hemos evaluado los planteamientos de ambas partes y no encontramos ningún indicio de pasión, prejuicio, parcialidad o error manifiesto en la determinación del foro primario. Conforme discutido anteriormente, los tribunales tienen discreción para imponer honorarios de abogado por temeridad en la sentencia, aun cuando no los hayan impuesto previamente. A la luz de lo antes expuesto, nos parece razonable la conclusión del TPI. Por tanto, determinamos que no se cometió el aludido error.

**Cuarto lugar**, los querellantes-apelantes aducen que el TPI erró al hacer determinaciones hechos y presunciones sobre asuntos en que la juez que suscribió la Sentencia apelada no presenció. No tienen razón. Un examen detenido del expediente y de las determinaciones de hechos de la Sentencia apelada nos convence a resolver que la juez sentenciadora basó su determinación en la prueba que obra en el expediente sin ningún indicio de pasión, prejuicio, parcialidad o error manifiesto.

En consecuencia, resolvemos que los cuatro señalamientos de error no se cometieron. Por lo cual, se confirma la Sentencia apelada.

**-IV-**

Por los fundamentos antes expuestos, **confirmamos** la Sentencia apelada.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones